**UNITED STATES of America**

**v.**

**Joseph W. RYLES, also known as Joseph Peterson, et al., Appellant.**

**No. 19243.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 21, 1971.

Decided Nov. 12, 1971.

William M. Chasanov, Georgetown, Del., Brown, Shiels & Barros, Dover, Del., for appellant.

Norman Levine, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty., on the brief), for appellee.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Joseph W. Ryles appeals from a conviction in the District Court for the District of Delaware on charges growing out of sales of heroin and cocaine to a special agent of the Bureau of Narcotics and Dangerous Drugs.

On March 17, 1968, Special Agent Davis received a telephone call from an informant who advised him that the appellant, Ryles, had narcotics for sale. The following day, Davis went to Wilmington, met the informant, made a telephone call, as a result of which he went to 820 West Ninth Street, where he met a man named Alvin Ewell and the appellant, Ryles. Ryles there sold Davis heroin. On March 21st, having arranged by telephone to again purchase narcotics from Ryles for $600.00, Agent Davis again came to Wilmington where he met Ewell who delivered a white powder. Since Davis offered only $500.00 for it, he was conducted to Ryles' apartment at 618 West Ninth Street, Wilmington, where Ryles told Davis that it was all right for Davis to owe the $100.00.

Ten days later, as a result of a telephone call in which Ryles offered narcotics for sale to Davis, the latter went to 618 West Ninth Street again. Ryles offered to sell Davis narcotics for $2800.00 and began to mix white powder on the kitchen table. Davis told Ryles he had to go downstairs to get the money. Davis descended the stairs, signaled other officers in waiting, and they all entered the apartment, arrested Ryles, and seized the narcotics. The agents had no warrant. Subsequent analysis disclosed that the narcotics were heroin and cocaine.

Ryles entered a plea of not guilty in the district court and moved to suppress the narcotics seized at his apartment on the occasion of his arrest. A suppression hearing was held on his motion, but the transcript of the hearing was lost. Thereafter, the district court conducted a second suppression hearing, and the motion to suppress the evidence was denied. United States v. Ryles, 291 F. Supp. 492 (D.Del.1968).

In this appeal, appellant raises three issues: first, whether the motion to suppress was properly denied since the drugs seized on the evening of the arrest were the result of a search conducted without a warrant; second, the notes of the first suppression hearing having been lost, did the second *de novo* hearing cure that loss; and third, whether the district court properly instructed the jury on the issue of entrapment.

■ We believe that the motion to suppress was fully and properly disposed of by the trial court. It relied on Lewis v. United States, 385 U.S. 206, p. 211, 87 S.Ct. 424, p. 427, 17 L.Ed.2d 312 (1966) in which the Supreme Court held that:

[W]hen, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street.

Appellant argues, however, that his case is distinguishable from *Lewis* because he raised the issue of entrapment, while in *Lewis* that factor was not present. Of course, had the appellant been entrapped into making his sale to the special agent, the case would present a situation entirely different from *Lewis*. However, the jury found that appellant was not entrapped. Appellant has offered no theory on which he could upset this finding. Merely because appellant *raises* a defense which lacks foundation does not remove the case from the holding in *Lewis*.

■ Appellant's second argument is that since the transcript of the first suppression hearing was lost, the evidence seized at his apartment should not have been introduced into evidence, irrespective of the second *de novo* suppres-

sion hearing because the loss of the court reporter's notes is a violation of 28 U.S.C. § 753.[1] If appellant's contention were to be sustained, however, we fail to see how the loss of the transcript of a suppression hearing could ever be cured.

In similar situations, other courts have held that a defendant is only entitled to an opportunity to reconstruct the court reporter's notes. Macomber v. Gladden, 304 F.2d 487 (9th Cir. 1962). In the case *sub judice,* appellant was granted a much more advantageous ruling. Because he was given an entirely new hearing, he had an opportunity to correct inadequacies or mistakes in cross-examination or strategy he may have made at the first hearing and to present any pertinent new evidence.

The final issue is whether the district court made a proper charge on the question of entrapment. Appellant contends that the charge violated Notaro v. United States, 363 F.2d 169 (9th Cir. 1966). We do not agree. The circuit court in *Notaro* disapproved of the charge of the trial court because it believed the language might have confused the jury as to the burden of proof.

In this case, the district court charged the jury that:

> On the other hand, if the evidence in this case leaves you with a *reasonable doubt* as to whether or not the defendant was predisposed to committing an offense of the character here charged and that the defendant committed the offense here charged only because he was induced or persuaded by some officer or agent of the United States, then you should find that the defendant was entrapped and you should return a verdict of not guilty. * * * (emphasis supplied)

This instruction left no doubt as to where the burden of proof lay. The addition of the words "with a reasonable doubt" clearly distinguishes this case from *Notaro.*

We have carefully considered the other points which appellant raises, pro se, in his supplementary brief. We find that none of them have merit.

The judgment of the district court will be affirmed.

---

1. 28 U.S.C. § 753 reads inter alia:
   "The reporter shall attach his official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years."