392 So.2d 319 (1980)
Carlos Julio INCHAUSTEGUI, Appellant,
v.
STATE of Florida, Appellee.
Jose Manning TERAN, Appellant,
v.
State of Florida, Appellee.
Robert Anthony LEE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-2145, 79-2228 and 79-2238.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
Rehearings Denied January 28, 1981.
*320 Geoffrey C. Fleck of Kogen & Kogan, P.A., Miami, for appellants Carlos Julio Inchaustegui and Robert Anthony Lee.
Milton M. Ferrell, Jr., of Ferrell & Ferrell, Miami, for appellant Jose Manning Teran.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
These are consolidated appeals by the appellants, Inchaustegui, Teran, and Lee, from judgments and orders of the lower court placing them on probation for five years for delivery of marijuana. Adjudication of guilt was withheld as to appellants Teran and Lee but imposed as to appellant Inchaustegui. Each of the appellants pled nolo contendere to the charges, specifically reserving the right to appeal the denial of their motions to suppress. They all contend that the lower court erred in concluding that they lacked standing to challenge the search and seizure of the marijuana involved.
In our view the United States Supreme Court's recent decisions in Rawlings v. Commonwealth of Kentucky, ___ U.S. ___, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) and United States v. Salvucci, ___ U.S. ___, 100 S.Ct. 2547, 65 L.Ed. 619 (1980) require affirmance of the trial court's denial of the motions to suppress on the basis that each of the defendants lacked a reasonable expectation of privacy in the area searched.
Upon the filing of the motions to suppress, the state challenged appellants' standing to contest the legality of the search and seizure. The standing issue was specifically tried before the court. The only evidence presented on that issue was presented by the state in the form of the testimony of Deputy Sheriff Richard Green. Other than cross-examining Green the appellants submitted no evidence on the standing issue. In essence Green's testimony established that the premises where the search and seizure took place were exclusively occupied by a person other than the appellants and that the appellants' only connection with the premises was in delivering numerous bales of marijuana thereto. This delivery took place in the plain view of Green who was operating undercover at the time.
In Rawlings and Salvucci, supra, the United States Supreme Court receded from the automatic standing rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) and announced that in applying the Fourth Amendment the critical inquiry is to determine not whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched. The Supreme Court has also declared that distinctions *321 developed in property and tort law between guests, licensees, invitees, and the like, are not controlling factors and the fact that one may be legitimately on the premises, while relevant to one's expectation of privacy, is not determinative of the issue. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
In the present case, the appellants physically handled the marijuana when they conveyed it from a vehicle outside into the house in which it was seized. Almost immediately after the marijuana was brought inside the house the appellants were arrested together in the living room where the marijuana was seized. We do not believe the fact that appellants may have possessed the marijuana while transporting it into the house constitutes a showing that they had a legitimate expectation of privacy in the area searched. In fact, the appellants failed to make any showing as to their interest in the goods or the premises. It was also shown that the marijuana which they transported into the house was in plain view of Deputy Green while in their possession. Appellants neither owned the house nor resided in it as tenants, and it appears that their presence in the house was only a momentary one resulting from their participation in the offense for which they were prosecuted. Under these circumstances, we believe appellants simply failed to demonstrate a legitimate expectation of privacy in the area searched.
The appellants also contend that under Article I, Section 12 of the Florida Constitution they should not be required to demonstrate standing. We disagree. While we do not decide today whether our Constitution gives rise to any different standard for determining standing, it is our view that some demonstration of standing beyond mere presence on the premises is required under both the U.S. and Florida constitutions. See Mixon v. State, 54 So.2d 190 (Fla. 1951). No such demonstration was made here.
Accordingly, the judgment of the trial court is affirmed.
LETTS, C.J., and HURLEY, J., concur.