398 So.2d 959 (1981)
STATE of Florida, Appellant,
v.
Rufus W. PERRY and Earle Melvin Seitz, Appellees.
No. 80-971.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Rehearing Denied June 18, 1981.
*960 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellees.
DOWNEY, Judge.
The State appeals from an order granting appellees' motion to suppress marijuana seized without a search warrant by the police when appellees were arrested without an arrest warrant in appellee Perry's residence. This case is related to Inchaustegui v. State, 392 So.2d 319 (Fla. 4th DCA 1980).
It appears that Deputy Sheriff Green, acting undercover, negotiated with appellee Perry to purchase 250 pounds of marijuana for $45,000. The negotiations culminated in an arrangement for Green to meet at Perry's residence on a certain date at approximately 2:00 p.m. to pick up the marijuana. When Green arrived the marijuana had not yet been delivered to Perry. After waiting a while Green left to get a sandwich and when he returned he found a car was backed up to the west bedroom door of the Perry residence. Perry, Seitz, and the three appellants in Inchaustegui, supra, were unloading bales from the car to an upstairs bedroom. Green actually cut open one of the bales to verify that its contents were marijuana. Then Green exited the residence, purportedly to obtain from his car the money for the marijuana. By prearrangement this was a signal to a number of backup officers, who were staked out around the neighborhood, that Green had seen the marijuana and it was time to move in and make the arrest. Green was also equipped with an electronic device so that he could give the waiting officers a verbal signal. The other officers moved in and arrested all six of the individuals involved (including Green). The warrantless arrests of Perry and Seitz and the warrantless seizure were made inside the residence.
The record reflects that Perry owned the residence and lived there. Seitz, a resident of the Dominican Republic, is alleged to have been staying at Perry's residence.
All the individuals (except Green) were charged with delivery of cannabis in excess of five grams. The defendants in Inchaustegui, supra, pleaded nolo contendere while reserving the right to question on appeal the propriety of orders denying motions to suppress. This court affirmed the judgment and orders in the Inchaustegui case.
Perry and Seitz also moved to suppress and after a hearing separate from the Inchaustegui defendants' the trial court granted the motion on the ground that the police needed a search warrant to justify the seizure, and the State perfected this appeal.
The State urges reversal as to Seitz on the ground that he had no standing to question the seizure. It seeks reversal as to both appellees on the ground that the arresting officers had probable cause to believe a felony drug transaction was being committed in their presence, and the warrantless seizure was proper because it was made pursuant to lawful arrests and because the marijuana was in plain view.
*961 The appellees contend that the seizures were unlawful because warrantless arrests in this case were prohibited by Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The State counters by arguing that Payton does not apply. Assuming, but not holding, that Seitz had standing, we agree with the State that the arrests and seizure were proper and thus reverse the order appealed from.
The record in this case shows without dispute that the appellees invited Green into Perry's residence to transact unlawful business. By this invitation appellees surrendered, or waived, their right of privacy insofar as the residence was concerned. Thus, the appellees and the residence were not entitled to the same degree of protection the Fourth Amendment of the United States Constitution and Article I, § 12, of the Florida Constitution afford residences and residents not involved in the transaction of unlawful business. See United States v. Ryles, 451 F.2d 190 (3rd Cir.1971). The facts in Ryles are similar to those of the present case. There, Joseph Ryles offered to sell narcotics to an undercover agent, Davis, at Ryles's apartment. When Davis arrived at the apartment Ryles offered to sell him narcotics for $2800 and began to mix white powder on the kitchen table. Davis told Ryles he had to go downstairs to get the money. Davis then "descended the stairs, signalled other officers in waiting, and they all entered the apartment, arrested Ryles, and seized the narcotics." 451 F.2d at 191. The arrest and seizure were accomplished without any warrant. Ryles filed a motion to suppress the narcotics, and the trial court denied the motion. The appellate court affirmed, holding:
"We believe that the motion to suppress was fully and properly disposed of by the trial court. It relied on Lewis v. United States, 385 U.S. 206, p. 211, 87 S.Ct. 424, p. 427, 17 L.Ed.2d 312 (1966) in which the Supreme Court held that:
`[W]hen, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street.'"
451 F.2d at 191.
See, too, State v. Schwartz, 398 So.2d 460 (Fla. 4th DCA 1981). Insofar as constitutional protection is concerned, Perry's residence was tantamount to a public place, and warrantless arrests in public places upon probable cause are lawful. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Here the record shows that through Green's prearranged signalling the arresting officers had probable cause to believe a felony was being committed in Perry's residence, and the persons inside the residence (which at the time in question had become, in effect, a public place) could be arrested. See Section 901.15(3), Florida Statutes (1977), which provides, in material part, that "A peace officer may arrest a person without a warrant when: ... [h]e reasonably believes that a felony ... is being committed and reasonably believes that the person to be arrested... is committing it."
For the foregoing reasons, we reverse the order of suppression and remand the cause for further proceedings.
REVERSED AND REMANDED, with directions.
BERANEK and GLICKSTEIN, JJ., concur.