NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4188
_____

UNITED STATES OF AMERICA

v.

AYALA A. KING
                    Appellant
_____

On Appeal from the
District Court of the Virgin Islands
(D.C. Criminal No. 3-13-cr-00010-002)
District Judge: Honorable Curtis V. Gomez
_____

Argued: May 18, 2015

Before:   McKEE, *Chief Judge*, SMITH and SCIRICA, *Circuit Judges*

(Filed: February 19, 2016)

Nelson L. Jones, Esq.        [ARGUED]
Office of United States Attorney
5500 Veterans Building, Suite 260
United States Courthouse
St. Thomas, VI 00802,
        *Counsel for Appellee*

Judith L. Bourne, Esq.        [ARGUED]
34B-35 Norre Gade
P.O. Box 6458
St. Thomas, VI 00804

Clive Rivers, Esq.
800 Nisky Shopping Center, Suite 233
St. Thomas, VI 00802,
	*Counsel for Appellant*

_____

OPINION∗

_____

McKEE, *Chief Judge*.

Ayala King makes numerous claims of error in appealing his conviction and sentence for several offenses arising from his participation in the murder and robbery of Leayle King. For the reasons that follow, we conclude that none of his arguments are meritorious, and we will therefore affirm the judgment of conviction and sentence.[1]

I.

Because we write for the parties who are familiar with the facts and procedural history, we set forth only those facts necessary to our conclusion. King contends that the district court's decision to limit time for closing arguments violated the Sixth and Fourteenth Amendments. We review a district court's trial management for abuse of discretion.[2] Accordingly, we will not disturb a district court's managerial decisions unless there is a "definite and firm conviction that the [court] committed a clear error of judgment in the conclusion it reached."[3] A court abuses its discretion if it "bases its

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[2] *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995).
[3] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993) (internal quotation marks omitted).

ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[4]

District courts have inherent power to control the cases that come before them, including the length of closing arguments.[5] Because "the imposition of time limits increases the efficiency of the trial," a district court may set time limits on closing arguments.[6] Here, the court notified both parties of the thirty minute time constraint at the charging conference the night before closing arguments. This restriction was appropriate given the length and complexity of the trial. We see nothing to suggest that counsel's ability to craft and deliver an effective summation was the least bit compromised by the very reasonable time limitation the district court imposed. Accordingly, we conclude that the district court did not abuse its discretion in setting the thirty minute time limit.

Next, King argues that the district court erred in denying his motion to suppress an incriminating statement he made to police. Our standard of review for this issue is mixed: We review the underlying factual findings for clear error, but exercise plenary review over the district court's application of law to those facts.[7]

The detective who took King's statement testified that King read it out loud before signing it and had an opportunity to make corrections. The detective also testified that she was unaware of King's underage girlfriend, and no one threatened King with

---

[4] *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 248–49 (3d Cir. 2014) (quoting *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 (3d Cir. 2009)).
[5] *See Moore v. Morton*, 255 F.3d 95, 105 (3d Cir. 2001); *Duquesne*, 66 F.3d at 609.
[6] *Duquesne*, 66 F.3d at 609.
[7] *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012).

potential charges unless he signed.  Accordingly, it is apparent that King's testimony to the contrary was simply not credible.  The district court found the detective to be a credible witness and was entitled to rely on her testimony.[8]  Therefore, we find no error here.

King further argues that there was insufficient evidence to support his convictions.[9]  Our review of sufficiency of the evidence is "highly differential."[10]  We must uphold the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[11]

At trial, the government presented video evidence showing King and codefendant Murrell inside the House of Rajah as Murrell took Leayle's jewelry out of his (Murrell's) pocket and presented it to the clerk for sale.  There was testimony from the clerks at both jewelry stores regarding the behavior of Murrell and King at each store.  Video surveillance captured King and Murrell cashing the check they received for the stolen jewelry, and a search of King's girlfriend's room produced $1,410 cash, a .380 caliber firearm, and 9mm ammunition.

---

[8] King also alleges that he was handcuffed for the entire day and not fed until the late afternoon.  Both of these allegations are contradicted by testimony from Det. Tyson and Det. Esprit.  To the extent that such circumstances would be relevant to determining whether King gave his inculpatory statement under duress, it is clear that the testimony was not credited.

[9] King makes a blanket insufficiency of the evidence claim as to all of his charges without distinguishing between them and their respective elements.

[10] *United States v. McGee*, 763 F.3d 304, 316 (3d Cir. 2014) (quoting *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc)).

[11] *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

4

King's incriminating statement includes a detailed description of Leayle as the "fat man with the big chain" as well as Leayle's car and home. King's statement further describes what Leayle was wearing the night of the shooting and events related to the robbery itself. King's statement identifies Murrell as the one who took the chain from Leayle and also recounts a conversation King and Murrell had about selling Leayle's jewelry for cash.

At trial, King denied making the inculpatory statement to police and also denied engaging in the conduct described in that statement. Instead, his testimony was consistent with the first statement he gave to police, which was exculpatory. He insisted that a man he "knew" gave him Leayle's jewelry on the street. On cross, King could neither identify this man nor his address. The jury obviously rejected his testimony. Viewing the evidence against King in the light most favorable to the prosecution, as we must,[12] it is clear that a rational trier of fact could find the essential elements each of the charged crimes beyond a reasonable doubt, and King's argument to the contrary is frivolous.

Finally, King alleges that the district court's actions during trial deprived him of due process of law in five instances. We disagree as to each assertion. Our review is for abuse of discretion.[13] First, King contends the district court deprived him of his due process rights during the second suppression hearing. Specifically, he claims the district court erroneously refused to hear witness testimony regarding the way in which police

---

[12] *Id.*

[13] *See Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995).

removed him from his home during this second hearing. The purpose of a second suppression hearing is to allow a defendant to present new evidence.[14] Here, the district court granted the second hearing to clarify testimony one of the detectives gave at the first hearing. The witnesses King wanted to call during his second suppression hearing were available at the first; King simply failed to call them. Accordingly, the district court did not abuse its discretion in refusing to hear their testimony during the second hearing.

Second, King argues that the district court should have revealed to counsel and the jury that it intended to extend trial time beyond normal business hours. King claims that the district court forced the jury, without notice, to serve two long days, and, as a result, the jurors were eager to "get [the trial] over with" and rushed their verdict.[15] However, nothing in the record supports this conjecture, and King fails to cite any authority supporting his claim that the extension of trial time beyond normal business hours constitutes an abuse of discretion.[16]

Third, King argues the police induced his second incriminating statement by threatening to charge him with statutory rape of his underage girlfriend. King alleges an unidentified detective spoke to his father about this possibility. He claims that a witness could have corroborated this conversation, but the district court incorrectly refused to let her testify. The district court's decision was not erroneous because the witness's

---

[14] *See United States v. Ryles*, 451 F.2d 190, 192 (3d Cir. 1971) (noting that the second suppression hearing gave the defendant the opportunity "to present any pertinent new evidence").

[15] Appellant's Br. 28.

[16] *See United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008) (explaining that "[a]n appellant's brief must contain his or her argument, which must incorporate appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies") (internal quotation marks omitted); *United States v. Irizarry*, 341 F.3d 273, 305 (3d Cir. 2003) (finding it "difficult to determine if the court abused its discretion" because the appellant failed to "specifically identify" the court's error and failed to provide authority in support of his argument).

testimony would have been inadmissible hearsay.[17]  Accordingly, the district court did not abuse its discretion in excluding this witness testimony.

Fourth, King asserts that his father should have been allowed to testify regarding a conversation between him, King, and the police about his girlfriend.  However, the district court correctly excluded that testimony as inadmissible hearsay in violation of Fed. R. Evid. 801(c).

Lastly, King alleges that the district court erroneously refused to let him read his first, non-incriminating statement to the jury.  A district court is entitled to exclude relevant evidence to avoid wasting time.[18]  Here, the district court concluded there was a more "expeditious manner" to present the inconsistencies between King's first and second statements.[19]  Instead of permitting King to read the entirety of his first statement to the jury, the court instructed King to read the statement to himself and indicate any inaccurate portions.  This does not constitute an abuse of discretion.

## II.

For the reasons set forth above, we will affirm the judgment of conviction and sentence.

---

[17] FED. R. EVID. 801(c); *see* Appellant's Br. 29.
[18] FED. R. EVID. 403.
[19] J.A., Vol. III 723.