323 So.2d 673 (1975)
The STATE of Florida, Appellant,
v.
Benjamin Bethel CRUM, Appellee.
No. 75-860.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Rehearing Denied January 14, 1976.
Richard E. Gerstein, State's Atty., and Charles I. Poole, Asst. State's Atty., for appellant.
Martin S. Saxon, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The State of Florida takes this interlocutory appeal to review an order granting defendant's motion to suppress on the grounds that a City of Miami Beach officer is without jurisdiction to conduct an investigation and effect an arrest in the City of Miami. The salient facts are as follows:
In January 1975 Richard Barreto, a Miami Beach police officer, acting undercover, initiated a drug investigation and, through an introduction by an informer, met with the defendant, Benjamin Crum, in the City of Miami for the purpose of making a purchase of contraband. After officer Barreto purchased the contraband from the defendant, he went to the State Attorney's office, signed an affidavit for the defendant's arrest, obtained an arrest warrant, and, accompanied by a City of Miami police officer, served the warrant on the defendant. Defendant moved to suppress the evidence on the grounds that officer Barreto was without jurisdiction to effect the arrest in that the meetings with defendant, the sale of the contraband, and the arrest occurred within the City of Miami.
It is undisputed that officer Barreto left his jurisdiction and, therefore, his actions only can be sustained, if at all, as the actions of a private citizen who has the right to arrest a person who commits a felony in his (or her) presence. Whether officer Barreto's actions are sustainable as a private citizen must be determined by ascertaining whether officer Barreto was acting "under color of his office" at the time of *674 the contraband purchase and subsequent arrest. See Collins v. State, Fla.App. 1962, 143 So.2d 700, 703.
"Under the color of office" refers to a law enforcement officer holding himself out as a police officer by either wearing his uniform or in some other manner identifying himself as such. See 1971 Att'y Gen.Ann.Rep. 111.
In the case sub judice, officer Barreto was not wearing a uniform. Rather, he was working "undercover" and representing himself to be a private citizen at all times. Thus, we conclude that officer Barreto was substantially in the same position as any private citizen and had the authority to seize the evidence, go to the State Attorney's office, sign an affidavit for the defendant's arrest, obtain an arrest warrant, and effect an arrest.
The order granting the motion to suppress is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.