362 So.2d 1033 (1978)
Abraham PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. HH-495.
District Court of Appeal of Florida, First District.
December 22, 1978.
Michael J. Minerva, Public Defender; and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.

ORDER ON PETITION FOR REHEARING
This Court filed a per curiam opinion in this case on October 4, 1978. Appellant thereupon filed a Petition for Rehearing. Although we yet adhere to the result of our said per curiam opinion we determine, in the light of the Petition for Rehearing, that certain language of that opinion should be eliminated. Accordingly, it is
ORDERED THAT
1. Our per curiam opinion filed October 4, 1978 is hereby withdrawn and our Revised Opinion of even date herewith is substituted in its place and stead.
2. Appellant's Petition for Rehearing is denied.

REVISED OPINION
PER CURIAM.
An information alleged that appellant violated Section 843.01, Florida Statutes (1975) by resisting, obstructing or opposing a municipal police officer in the lawful execution of a legal duty by offering or doing violence to such officer. Appellant contends his motion for judgment of acquittal should have been granted because the evidence did not establish that the officer was engaged in the lawful execution of his legal duty since the municipal officer was outside his territorial jurisdiction at the time of the incident. We disagree.
The evidence revealed that Officer Knowles, a Pensacola city police officer, was involved in an investigation concerning the sale of stolen property within the city. In the course of his investigation, Knowles detained several individuals outside the city *1034 limits for interrogation. At that time, appellant approached the scene and commenced to interfere with the investigation. Knowles identified himself as a city police officer. Appellant continued obstructing.
We think the evidence was sufficient to establish that Officer Knowles was engaged in the lawful execution of a legal duty at the time of the incident. A municipal police officer, although not authorized to arrest outside his jurisdiction unless such arrest is in "hot pursuit", Section 901.25, Florida Statutes (1975), may conduct a lawful investigation outside his territorial jurisdiction. Where an individual with violence obstructs an officer, engaged in the lawful execution of a legal duty, viz  that of investigation, a violation of Section 843.01 has been committed.
The judgment and sentence are AFFIRMED.
McCORD, C.J., and BOYER and MILLS, JJ., concur.