366 So.2d 135 (1979)
STATE of Florida, Appellant,
v.
James A. WILLIAMS, Appellee.
No. 78-1082.
District Court of Appeal of Florida, Second District.
January 10, 1979.
*136 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
RYDER, Judge.
On the evening of January 28, 1978, Officer John C. Nelson of the Gulfport Police Department responded to a complaint of a robbery at the "Cheshire Cat", a nightclub and liquor store located within the City of Gulfport, Florida.
A witness at the store gave Officer Nelson a license plate number and a description of a vehicle used in the crime. Nelson ascertained that the tag was registered to appellee Williams and learned his residential address was but a few blocks away in neighboring St. Petersburg, Florida. Nelson then drove the witness to the address, where they observed, parked on the street, a vehicle which matched the earlier given description and which the witness identified as being the car used in the robbery. Nelson radioed for a St. Petersburg policeman, and an Officer Dailey of the St. Petersburg Police Department soon responded.
At this point, appellee Williams spontaneously exited the residence, entered the suspect vehicle, activated its engine, and began to depart. Officer Dailey stopped the vehicle.
With the acquiescence of Dailey, Nelson gave Williams the required Miranda warnings, informed him that his vehicle had been used in a robbery and questioned him about his whereabouts that evening. Williams denied involvement in the robbery. At this juncture, another Gulfport police unit arrived with still another witness to the robbery. This witness identified Williams as the man who had driven the car after the robbery. Nelson arrested Williams, seized the vehicle and had it transported to the Gulfport police impound lot. Thereafter, Nelson inventoried it and found contraband.
Williams moved to suppress the evidence contending the seizure of the car was made while Nelson was outside his jurisdiction. The trial court granted the motion. We reverse.
Despite the fact that Nelson was, indeed, outside of his jurisdiction, not truly in "hot pursuit", and therefore had no authority to act as a peace officer, he could nevertheless still act as a citizen as is the right of us all. Although a citizen does have the authority to seize evidence of a crime, State v. Crum, 323 So.2d 673 (Fla. 3d DCA 1975), nonetheless, a police officer cannot justify a seizure made outside his jurisdiction as the action of a private citizen if he is acting under the color of his office and thereby gains access to evidence not available to a private citizen. Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962), cert. den., 148 So.2d 280 (Fla. 1962). Nelson, however, did not act under the color of his office to put himself in a position to gain access or other favored *137 position through which to observe the robbery automobile. Appellee Williams' vehicle was undeniably openly parked on a public street within the view of every passerby.
Thus, it would be a non sequitur to say that Nelson had less authority than other citizens to seize evidence of a felony situated in open view merely because he was dressed in the uniform of a neighboring police department in this megalopolis also known as Pinellas County.
The courts of other jurisdictions have consistently admitted evidence seized in similar situations, State v. Harp, 13 Wash. App. 239, 534 P.2d 842 (1975); People v. Lacey, 30 Cal. App.3d 170, 105 Cal. Rptr. 72 (1973); State v. Keeny, 431 S.W.2d 95 (Mo. 1968); Nash v. State, 207 So.2d 104 (Miss. 1968). So should we.
The trial court's order granting Williams' motion to suppress is therefore reversed and the case remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
HOBSON, A.C.J., and DANAHY, J., concur.