376 So.2d 262 (1979)
The STATE of Florida, Appellant,
v.
Gary Thomas CHAPMAN, Appellee.
No. 78-2290.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Rehearing Denied November 26, 1979.
*263 Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before HENDRY and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
This appeal by the State of Florida stems from an order of the trial court granting defendant's motion to suppress tangible evidence. At issue is the authority of an off-duty police officer, outside of his jurisdiction, to detain the defendant and subsequently deliver him to the custody of law enforcement officers of that jurisdiction.
At approximately 2:30 A.M. on December 16, 1977, Coral Gables police officer, Michael Infante, was returning to his home, and he observed the defendant and another individual standing between some parked cars in a yard located three houses away from Officer Infante's home. Officer Infante was off duty, was not in uniform and was not driving a marked police vehicle. His home was not located within the municipal limits of Coral Gables.
Though he did not observe the defendant or the other individual touch any of the vehicles, Officer Infante went inside his home and telephoned the Dade County Public Safety Department because he did not recognize either of them as a resident of the area. He then returned outside and continued to observe the two men. Officer Infante saw one of the men leave the area and subsequently observed the defendant walking toward him carrying what appeared to be a tape deck or a radio in one hand.
Officer Infante was standing behind a big tree, and when the defendant was within a few feet of him, he stepped out and confronted him. Infante identified himself as a Coral Gables police officer, displayed his badge and directed defendant to place the item he was carrying on the ground. At this point Infante noticed that defendant had a sock over one arm while he had been carrying a tape deck in the other hand. Infante then patted down the defendant, asked for identification and detained him. Upon arrival, the public safety officer took custody of the defendant and received his identification from Infante. After locking defendant in a police unit, all of the officers examined the parked vehicles and discovered a screwdriver in the door of a red Toyota from which the tape player was missing.
The trial court's order granting defendant's motion to suppress the tape deck stated:
* * * * * *
"5. At no time did Officer Infante actually see the defendant touch the vehicle or try to break into the vehicle, *264 though he had seen defendant bending down in the vicinity of the vehicles.
The court concerns itself with the validity of the initial detention of the defendant. The court finds that Officer Infante had no probable cause to arrest or detain the defendant... ."
A trial court's ruling on a motion to suppress comes to this court with a presumption of correctness, and in testing the accuracy of the trial court's conclusions, we should interpret the evidence and all reasonable inferences and deductions capable therefrom in a light most favorable to sustain these conclusions. Brenner v. State, 337 So.2d 1007 (Fla.3d DCA 1976).
While we agree with the trial court's finding of no probable cause, we do not agree with the contentions of the State that the concepts of founded suspicion and the stop and frisk statute, Section 901.151, Florida Statutes (1977), apply to a municipal officer outside his jurisdiction and not in "hot pursuit". A municipal officer may conduct a lawful investigation outside his territorial jurisdiction, Parker v. State, 362 So.2d 1033 (Fla.1st DCA 1978), but the subject matter of the investigation must have originated in his own jurisdiction. Brenner v. State, supra.
An off-duty municipal police officer outside his jurisdiction has no right of arrest other than as a private citizen. Schachter v. State, 338 So.2d 269 (Fla.3d DCA 1976). A private person has a common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Collins v. State, 143 So.2d 700 (Fla.2d DCA 1962). Clearly our stop and frisk law does not authorize detention by private persons. Here, there was no felony committed in Officer Infante's presence, and he had no knowledge of a felony being committed during his detention of the defendant.
Further, we might determine whether Officer Infante's actions are sustainable by ascertaining whether he was acting "under color of his office" at the time of the arrest. State v. Crum, 323 So.2d 673 (Fla.3d DCA 1976). Admittedly, upon confronting the defendant, he identified himself as a police officer, displayed his badge, ordered defendant to place the tape deck on the ground, subjected defendant to a pat-down, obtained identification from him, and detained him until local officers arrived and took custody. Clearly, Officer Infante held himself out as a police officer and was acting "under color of his office" while outside his jurisdiction. Whether it be considered an arrest or detention, it was invalid and a seizure of the tape deck pursuant thereto was likewise invalid. Collins v. State, supra.
The trial court is affirmed.