386 So.2d 1230 (1980)
Gary McANNIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-835.
District Court of Appeal of Florida, Third District.
July 15, 1980.
Rehearing Denied September 10, 1980.
*1231 Melvin S. Black, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appeal is taken from the circuit court's denial of a motion to suppress eleven ounces of cocaine, seized as evidence at the time of appellant's arrest for possession and sale. We affirm.
Appellant conducted a drug sale in the privacy of his southwest Dade residence with two individuals who had travelled from Broward County to make the connection. At the culmination of the transaction, one of those individuals, one Bowers, pulled a firearm, declared himself to be a Broward policeman, and stated his intention to detain appellant (and others) until their arrest could be effected by the Dade County police (who had been notified of the impending transaction, and were waiting outside). Custody was transferred very shortly thereafter.
Appellant contends that his arrest by Lieutenant Bowers was illegal, and that the evidence should be suppressed as "fruit of the poisonous tree." Specifically, he urges that the only justification for the arrest, which occurred outside the territorial authority of the Broward officer, is that the officer made a citizen's arrest. However, he continues, since Lieutenant Bowers identified himself as a police officer at the time of the arrest, he acted "under color of office," and not as a private citizen.
Alternatively, appellant states that the "arrest" by Bowers was not an arrest at all, *1232 but merely a detainment; the real arrest was made by the Dade County Public Safety Officers. That arrest was illegal, according to appellant, in that the officers failed to "knock and announce," as required by § 901.19(1), Fla. Stat. (1978).
We need not reach the latter argument, since we find that the Broward officer made a legal citizen's arrest.
Initially, we note that Lieutenant Bowers' acts constituted an arrest.
Four elements must be satisfied in order to effect an arrest. There must be:
(1) A purpose or intention to effect an arrest under a real or pretended authority; (2) an actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) a communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4) an understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
Melton v. State, 75 So.2d 291, 294 (Fla. 1954) (citation omitted). State v. Parnell, 221 So.2d 129 (Fla. 1969); Bey v. State, 355 So.2d 850 (Fla. 3d DCA 1978).
Lieutenant Bowers indisputably "detained" appellant, and his intention to so detain him was undeniably communicated to appellant by the sight of a thirty-eight caliber hole in the business end of Lieutenant Bowers' pistol. Apparently, appellant understood Lieutenant Bowers' request that he remain; certainly, he knew that he was not free to leave.
Although the language in the Florida caselaw generally requires an intention to effect an "arrest," the fact that Lieutenant Bowers' avowed intention was to "detain" rather than "arrest," is beside the point. As was said, in the context of a Fourth Amendment claim:
If there is significant interference with a defendant's liberty, the fact that the police did not intend to make a formal arrest or did not think that their actions constituted an arrest is irrelevant . ..
United States v. Jones, 352 F. Supp. 369 (S.D.Ga. 1972), aff'd 481 F.2d 1402 (5th Cir.1973).
In State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979), undercover Fort Lauderdale police officer Puleo set up a large marijuana purchase, to take place at a residence in Pompano Beach (which was, of course, outside of his territorial jurisdiction). As the exchange was taking place, the vendors spotted Puleo's Broward police backup contingent waiting outside, and they fled. Puleo captured one and turned him over to the Broward police, who had rounded up the others. Although Broward officer Lillard ultimately informed the suspects that they were under arrest, our sister court sustained the trial court ruling that Puleo had effected the arrest by "containing" the suspects, and identifying those whom he wanted arrested.
Once it is seen that Lieutenant Bowers arrested appellant, it is clear that he did so as a citizen, rather than as a Broward police officer. Although his actions could not be termed those of a private citizen if executed "under color of office," that term
refers to a law enforcement officer actually holding himself out as a police officer, either by wearing his uniform or in some other manner openly asserting his official position, in order to observe the unlawful activity involved or the contraband seized. Here, as in [State v.] Crum [, 323 So.2d 673 (Fla.3d DCA 1975)], the police officer acted at all times as a private citizen (i.e., an undercover agent). Prior to the arrests he never disclosed his official identity to the participants in the transaction.
State v. Shipman, supra, 370 So.2d at 1196-97. Cf., Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962).
The judgment and sentence appealed are affirmed.
Affirmed.