389 So.2d 317 (1980)
The STATE of Florida, Appellant,
v.
Roberto PINOAMADOR and Ruben Maquera, Appellees.
No. 79-1666.
District Court of Appeal of Florida, Third District.
October 21, 1980.
*318 Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The trial court's order suppressing certain contraband, purchased from the defendants in the City of Miami by City of Hialeah Gardens police officers while acting in an undercover capacity, is reversed.
As should be obvious, the police officers were not holding themselves out as police officers or in any way asserting their official position at the time they purchased the narcotics from the defendants, and the evidence so procured is not excludable as being obtained by one acting outside of his jurisdiction under color of office, McAnnis v. State, 386 So.2d 1230 (Fla. 3d DCA 1980); State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979); State v. Crum, 323 So.2d 673 (Fla. 3d DCA 1976); compare Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962).
Assuming, arguendo, that, as the trial court found, the officers were without authority when, outside of the jurisdiction of Hialeah Gardens, and acting as officers, they met with a confidential informant who provided them information about the defendants, the only rights which could have been affected were those of the confidential informant, which cannot be vicariously asserted by these defendants. See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Wong Sun v. United States, 371 U.S. 47, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); McKenney v. State, 388 So.2d 1232 (Fla. 1980). Similarly, the fact that the plainclothes officers were "on duty" and driving an official unmarked city vehicle at the time they purchased the narcotics lends no support to the trial court's ruling, since it is the assertion of their official position vis-a-vis the defendants that is condemned by the "color of office" doctrine. See State v. Williams, 366 So.2d 135 (Fla. 2d DCA 1979).
Finally, it is obviously inconsequential, again despite the trial court's contrary finding, that after the officers completed the purchase of the contraband, they announced their identity and arrested the defendants in the City of Miami.[1] The only evidence sought to be suppressed was procured by the police before the arrest occurred.
Reversed and remanded.
NOTES
[1] The trial court also found that this arrest was unlawful under Section 901.25, Florida Statutes (1979). This statute, authorizing a municipal police officer to effect an arrest outside of his jurisdiction when in "hot pursuit," sanctions an extraterritorial arrest made under color of office. It does not apply to municipal police officers not acting under color of office, see State v. Williams, supra (holding that while a peace officer not in hot pursuit outside of his jurisdiction could not act as a peace officer, he could nevertheless act as a private citizen), as was the case here.