BASKIN, Judge.
The state appeals the trial court’s order granting defendant’s motion to suppress statements, admissions, confessions, and physical evidence. The trial court found the initial stop of the defendant was without probable cause or reasonable suspicion and that the Dade County arresting officer acted beyond his jurisdiction when he arrested defendant Schuyler in Broward County. We affirm.
Off-duty Dade County Public Safety Department Officer Garrison was talking to a neighbor when he noticed defendant Schuyler walking and peering between houses. Because the Dade County neighborhood had recently been the scene of several burglaries, and a search had been conducted an hour earlier for a suspect, he called for police. When questioned, defendant Schuyler explained he was “walking through”, and the police departed. Two hours later, Officer Garrison saw defendant and another person who had a bright yellow towel in his hand. He thought “there may be a good possibility that somebody had just removed something that possibly didn’t belong to them” and followed the two suspects in his car. When the two men crossed the street into Broward County,[1] Officer Garrison blocked their path and showed his badge and identification while advising them that he was a police officer and that he wanted to find out what was “going on in the area.” During Schuyler’s response, Officer Garrison looked down at the towel and noticed it took on a familiar shape, the general shape of a firearm. He asked if he could see the towel, and although defendant Schuyler at first refused, Schuyler subsequently handed Officer Garrison the towel stating he had found it. Officer Garrison recognized the bulge in the towel to be a revolver and placed it in the front seat of his car without looking at it. At that point, the two men were under arrest only for the offense of carrying a concealed firearm. Officer Garrison was not aware that another burglary had recently been committed. He knew of the burglary that had occurred earlier in the morning and the “close possibility” that Schuyler matched the description. He thought this gun looked like the gun taken during the first burglary. When Schuyler indicated he had never before been in the neighborhood, Officer Garrison, wishing to investigate further, asked both men to accompany him to a telephone. The *460 two men walked in front of him to a nearby telephone booth, from which he called the 911 number that switched into the Broward County Sheriff’s Office. The Broward Sheriffs Office responded and sent for Dade County units as well. Information received by Teletype revealed that the gun belonged to Police Officer Roper, a neighbor of Officer Garrison. Other items taken from Officer Roper were later found to be in defendant Schuyler’s pocket. The two men were advised they could be arrested in either Dade County or Broward County, but voiced no objection to walking into Dade County.
By stipulation at the motion to suppress hearing, the court considered only the deposition of Officer Garrison.
The trial court considered two issues: the legality of the stop, and the arrest by Officer Garrison outside his jurisdiction in a case where there was” no hot pursuit. The court also decided the nonexistence of probable cause to believe a felony had been committed.
Considering the question of the officer’s jurisdiction first, we observe that a municipal officer may conduct a lawful investigation outside his territorial jurisdiction, but the subject matter of the investigation must have originated in his own jurisdiction. State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979); Parker v. State, 362 So.2d 1033 (Fla. 1st DCA 1978). Officer Garrison, had he been on duty, and had he lawfully stopped defendant Schuyler, could have continued his investigation in Broward County.
Turning to the legality of the stop, we find that the court in Chapman clearly stated the law:
An off-duty municipal police officer outside his jurisdiction has no right of arrest other than as a private citizen. Schachter v. State, 338 So.2d 269 (Fla. 3d DCA 1976). A private person has a common law right to arrest a person who commits a felony in his presence, or to arrest a person where a felony has been committed, and where the arresting citizen has probable cause to believe, and does believe, the person arrested to be guilty. Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962). Clearly our stop and frisk law does not authorize detention by private persons.
State v. Chapman, supra at 264.
If Officer Garrison, an off-duty police officer, had proceeded under common law as a private citizen and had based his stop on probable cause to believe defendant Schuyler was guilty of having committed a felony, the stop and subsequent actions would be valid. If, on the other hand, Officer Garrison predicated his stop on mere founded suspicion, his acts would constitute a stop and frisk by a private person, not authorized by stop and frisk law. State v. Chapman, supra.
The testimony clearly discloses that at the time of the stop Officer Garrison was unaware that the burglary of Officer Roper’s residence had occurred. The only connection between defendant Schuyler and the earlier burglary was a slight similarity to the description and the fact that defendant Schuyler did not appear to belong in the neighborhood. These factors are insufficient to establish probable cause to believe defendant Schuyler had committed a felony. Coladonato v. State, 348 So.2d 326 (Fla.1977); Hall v. State, 366 So.2d 865 (Fla. 4th DCA 1979). The state’s argument is therefore without merit.
The trial court correctly suppressed the evidence and statements pursuant to an unlawful stop of defendant Schuyler.
Affirmed.

. The boundary line between Dade and Bro-ward Counties intersects this neighborhood.