DANIEL S. PEARSON, Judge.
We reverse the trial court’s order granting McGoey’s motion to suppress “any and all physical evidence seized by the Police from the Defendant’s alleged personal *496 possession and/or property, custody and control,”[1] upon a holding that (1) where Henderson, a Hialeah Police Officer acting undercover in an investigation that commenced in Hialeah and ended with his purchase of narcotics from McGoey and others outside of the city limits, instructed back-up Hialeah Police Officers to formally effect the arrest of McGoey, the arrest of McGoey and the search of him incident thereto were lawful,[2] State v. Pinoamador, 389 So.2d 317 (Fla. 3d DCA 1980); McAnnis v. State, 386 So.2d 1230 (Fla. 3d DCA 1980); State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979); (2) the seizure of narcotics from other areas of the residence in which the undercover purchase had, moments before, been made was not unlawful because war-rantless, State v. Perry, 398 So.2d 959 (Fla. 4th DCA 1981), and, in any event, did not violate any reasonable expectation of privacy of McGoey, who, at most, was shown by this record to simply be legitimately on the premises, Inchaustegui v. State, 392 So.2d 319 (Fla. 4th DCA 1980); Norman v. State, 388 So.2d 613 (Fla. 3d DCA 1980); and (3) the result is unaffected by the inconsequential fact that subsequent to the arrest and immediate and productive search of McGoey and the premises, the defendant was transferred to the Hialeah Police Department, fingerprinted, photographed and booked there, and kept in the custody of the Hialeah Police for eight hours prior to being transferred to the Dade County Jail, all of which, even assuming, arguendo, its illegality, produced no evidence which the State seeks to use against the defendant.
Reversed and remanded.

. As is persistently the case, we are left to surmise exactly what was suppressed by the trial court. The catch-all motion of the defendant was simply granted by the trial court. Needless to say, there are marked differences between the legal theory, which, for example, applies to a search of the person incident to an arrest and that which applies to a search of the premises incident to an arrest. Apparently, these differences are of little concern to defendants who file omnibus motions and trial courts which grant them. They are, however, of concern to us.

. This search apparently revealed $2,800 in currency paid by Henderson for narcotics.