399 So.2d 1120 (1981)
Martin GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-680.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Robert C. Stone of Stone & Dell, P.A., Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Goodman appeals from his conviction and sentence for the crime of possession of over 100 pounds of cannabis with intent to deliver.
We first dispose of the sentence which provides for seven years of incarceration to be followed by five years of probation. Split sentences involving both incarceration and probation came under the scrutiny of our Supreme Court in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). In that opinion, given retroactive effect, the court determined that such split sentences may not validly impose a requirement of incarceration for more than one year. Goodman's sentence is violative of that precept.
Of the six points raised which relate to the conviction itself we consider only the *1121 first at length. The remaining points either were not adequately preserved for appeal or were not sufficiently meritorious on this record to warrant discussion.
Goodman questions the legality of an initial stop and frisk. This issue was raised in pretrial motions and at trial. We find that the arresting officer had both the authority and the necessary founded suspicion to make the stop in question. Since no evidence is alleged to have resulted from an illegal frisk we consider that aspect of the issue moot.
Goodman was stopped by Sergeant Ortenzo of the Fort Lauderdale police department at a location outside the city limits. The relevant and material facts essential to an examination into the legality of that stop unfold in the following fashion.
Ortenzo, along with two other officers of the Fort Lauderdale police department, was instructed by his superior officer to go to a certain location within the city limits and to assist the sheriff's department in making a drug arrest at that location. A van loaded with marijuana was seized and the driver arrested. The police learned that the marijuana had been picked up from the garage of a dwelling located outside the city limits. Sergeant Ortenzo was instructed by a deputy sheriff to proceed to that location and secure the premises. The house in question was located on a dead-end street terminating in a cul de sac, so that there was no through traffic.
Goodman, owner of the dwelling in question, obtained a ride with one Hawkins, a neighbor, and they approached the premises in Hawkins' automobile. According to Sergeant Ortenzo's testimony, the automobile appeared to slow as though to pull into the driveway and then suddenly changed course and continued down the street with both male occupants staring intently at the house, even when they passed within two feet of Sergeant Ortenzo. The vehicle negotiated the cul de sac and approached the house from the opposite direction, the occupants continuing to look at the dwelling. At this point, Sergeant Ortenzo stopped the vehicle. There is testimony that a deputy sheriff was at that time in close proximity to the vehicle.
Goodman takes the position that Sergeant Ortenzo was without authority to make this stop outside the municipal limits of the city of Fort Lauderdale. The trial court held that the officer did have such authority and we agree.
Ortenzo had been requested to aid the sheriff's department in effecting an arrest and in securing premises related causually, if not geographically, to that arrest. By virtue of Section 901.18, Florida Statutes (1979), Ortenzo had, under these circumstances, the same authority as that of the deputy sheriffs. This authority encompassed any lawful act necessary to investigation of circumstances surrounding that arrest and the related premises, including the stop in question here. Another source of Ortenzo's authority is his position as a municipal officer conducting an investigation outside his territorial jurisdiction, the subject matter of which originated in his own jurisdiction. See State v. Chapman, 376 So.2d 262 (Fla.3d DCA 1979). More specifically, Ortenzo was involved in an investigation which began in the City of Fort Lauderdale with the arrest of the driver of the drug-laden van and led to the premises outside the city limits where the stop, a part of the investigation, was made. For these reasons, either one of which we deem sufficient, the officer had authority to make a stop based upon a founded suspicion.
The second prong of our inquiry, then, is whether the facts establish the basis for such a founded suspicion. The proper test, articulated in State v. Stevens, 354 So.2d 1244, 1247 (Fla.4th DCA 1978) is defined as:
To justify temporary detention, only `founded suspicion' in the mind of the detaining officer is required... . A `founded suspicion' is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge.
The Stevens court, in addressing the issue of whether mere or bare suspicion is enough to support detention, further stated that:

*1122 There will be borderline eases, of course, in which reasonable men might differ as to whether the circumstances witnessed by an officer gave an objective foundation to his suspicion. Certain factors might then be evaluated to determine whether they reasonably suggested the suspect's possible commission, existing or imminent, of a crime: The time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; any thing incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.
Id. at 1247.
We conclude that the actions of Goodman and Hawkins, in light of the officer's knowledge that the premises had just previously been the repository for a cache of cannabis, were sufficient to justify a stop and investigatory detention.
For the foregoing reasons we affirm the conviction but vacate the sentence and remand for resentencing in conformity with the dictates of Villery, supra.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
ANSTEAD and HURLEY, JJ., concur.