462 So.2d 488 (1984)
Rex HYER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2622.
District Court of Appeal of Florida, Second District.
December 19, 1984.
Rehearing Denied January 23, 1985.
*489 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his conviction and sentencing for attempted first degree murder. We affirm.
We summarize our conclusions as to the various points on appeal: the arrest was a valid citizen's arrest by police officers who acted outside of their geographical jurisdiction, testimony about a prior restraining order issued against defendant was admissible on the issue of premeditation, the trial court correctly excluded lay testimony about whether a difference between defendant's signature at the time of his arrest and a later signature of his indicated he was intoxicated, the failure to obtain from defendant a waiver of his constitutional right to testify was not fundamental error, and the trial court's failure to instruct the jury on the definitions of justifiable and excusable homicide was not fundamental error.
Defendant went to the department store in Sarasota where his estranged wife worked, called her away from a customer, and fired four shots at her which caused serious injuries. City police officers responding to the scene were told that the victim's husband was the suspect and were given a description of defendant's car and the license tag number. The officers proceeded to defendant's home. Defendant was not there, but a neighbor advised the police that defendant had a friend living on Siesta Key. At the friend's residence, which was outside the City of Sarasota, the officers saw defendant's car pull into the driveway and saw defendant enter the house. The officers entered the house with guns drawn and yelled, "Police." Defendant was arrested and later made a statement at the police station.
Defendant filed a motion to suppress the statement and the gun the officers took from him. The basis for the motion was that the officers were outside their jurisdiction when they arrested him. While we agree with defendant that under the facts of this case, the arrest was not lawful on the basis of the "fresh pursuit" doctrine, see State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1983); State v. Williams, 366 So.2d 135 (Fla. 2d DCA 1979), we find that the arrest was a valid citizen's arrest. A police officer cannot use the color of his office to obtain evidence, not obtainable by a private citizen, upon which to base a citizen's arrest. In this case, however, the officers had sufficient, valid grounds on which to make the arrest before they left their jurisdiction. Thus, the arrest was proper as a citizen's arrest, and the evidence obtained after the arrest was admissible at trial. See State v. Phoenix, supra; State v. Williams, supra.
*490 Defendant also argues that the trial court erred in allowing the admission of testimony establishing that defendant's wife prior to the shooting had obtained an order restraining defendant from bothering, threatening or harming her. Defendant argues that this evidence was irrelevant to the issues at trial and was prejudicial because it portrayed defendant as having violent characteristics. The state argues that the testimony was properly admitted pursuant to section 90.404(2)(a), Florida Statutes (1983), to show defendant's intent. We agree with the state for the following reasons.
Before any testimony was given regarding the restraining order, the wife testified without objection concerning an occasion when her husband hit her. If, as defendant argues, the testimony about the restraining order was also evidence regarding defendant's prior violence towards his wife, we do not believe there was error in its admission. The evidence was relevant to the issue of premeditation. One of defendant's defenses at trial was lack of premeditation. "Evidence from which premeditation may be inferred includes ... previous difficulties between the parties... ." Sireci v. State, 399 So.2d 964, 967 (Fla. 1981). See also King v. State, 436 So.2d 50, 54-55 (Fla. 1983) (evidence that defendant severely beat victim twenty-three days before killing her was relevant to premeditation); Wooten v. State, 398 So.2d 963, 968 (Fla. 1st DCA 1981) (evidence that defendant previously beat or physically mistreated one-year-old murder victim or victim's two-year-old sister was properly admissible).
Defendant's third point on appeal is that the trial court erred in not allowing a witness to testify about the difference between two samples of defendant's handwriting. One of defendant's defenses was that he was intoxicated at the time of the shooting. The witness, who was familiar with defendant's signature, would have been asked to inspect a document signed at the time of defendant's arrest and one signed the next day. We believe the trial court's refusal to permit the testimony was correct. The jury could have observed any differences in the signatures on its own and did not need this witness' assistance for that purpose. If defendant wanted to introduce testimony that any difference in the signatures was caused by intoxication, the proper person to testify would have been an expert, not a lay witness.
Defendant's fourth point on appeal is that fundamental error occurred because defendant himself did not waive, either in writing or on the record, his constitutional right to testify. Defendant cites People v. Curtis, 681 P.2d 504 (Colo. 1984). We disagree. See this court's recent opinion on this issue in Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984).
As his final point on appeal, defendant argues that the trial court erred in failing to include in the jury instructions the definitions of justifiable and excusable homicide. We agree that these definitions are necessary parts of the manslaughter instruction which was otherwise given. In this case, however, defendant made no request for those instructions and did not object to the instructions as given. Also, we do not believe the evidence would have justified a jury finding of justifiable or excusable homicide even if those terms had been defined. As the Florida Supreme Court said in Squires v. State, 450 So.2d 208, 211 (Fla. 1984),
In the absence of fundamental error, failure to object to the instructions as given precludes review of those instructions on appeal... . Where defendant is convicted of first-degree murder an error or omission in an instruction on the lesser included offense of manslaughter is not fundamental error.
Squires concerned a conviction for first degree murder, but we believe that the language is equally applicable to this case involving attempted first degree murder. See also Brown v. State, 124 So.2d 481 (Fla. 1960).
AFFIRMED.
RYDER, C.J., and CAMPBELL, J., concur.