SCHEB, Acting Chief Judge.
The state appeals the trial court’s order granting defendant Stephanie Calcagino’s motion to suppress certain evidence taken when a police officer arrested her outside his jurisdiction. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(B). We reverse.
The state charged Calcagino by information with fraudulent use of a credit card in violation of sections 817.61 and 817.67(2), Florida Statutes (1983) and with defrauding an innkeeper in violation of section 509.-151(1), Florida Statutes (1983). The state also charged her with forgery.
Calcagino filed a motion to suppress the evidence and any statements made as a result of her arrest by Officer Brian Lawrence. She alleged the arrest was illegal because Lawrence had no jurisdiction to arrest her outside the city limits of Punta Gorda.
At the suppression hearing where Officer Lawrence and Deputy Lynn Fuller of the Charlotte County Sheriffs Department testified, the following facts were adduced. On May 4, 1984, Officer Lawrence of the Punta Gorda Police Department investigated a report of the fraudulent use of a credit card at a local Howard Johnson’s motel. After Officer Lawrence arrived at the motel, the desk clerk told him that a couple had used a credit card to obtain a room there. The clerk informed him that when she checked the credit card with Barnett Bank, Gloria King, a bank employee, told her the card had been reported stolen.
While at the motel, Officer Lawrence telephoned the bank and talked with King. She told him that she had a report from Lauderhill Lakes, Florida, that the credit card in the name of Susan Mulliner had been stolen and that approximately $2,400 had been charged on it. She further said that Stephanie Calcagino would probably be in possession of the stolen credit card and Calcagino would probably be with Robert Tamburri, the co-defendant. Officer Lawrence also recalled King telling him that the card had been used in various places including Punta Gorda, Fort Myers and Sarasota.
The desk clerk proceeded to give Officer Lawrence a description of the couple’s car and said that “a man and woman” would be driving it. The clerk also gave Officer Lawrence the guest’s check-in paper signed in what purported to be Susan Mulliner’s signature and the slip of paper where the credit card was embossed with the name of Susan Mulliner. Officer Lawrence then requested his dispatcher to put out a BOLO (be on the lookout) for the car, a brown Toyota with Florida Registration Number ZKT 810 occupied by two persons.
Shortly thereafter, Deputy Fuller of the Sheriff’s Department received the BOLO over his radio while on patrol. A few minutes later he saw this vehicle and stopped it outside the city limits in Charlotte County. He told the occupants he was stopping them at the request of the Punta Gorda Police Department in reference to a stolen credit card, and he asked them to wait until the city police arrived. ■
Officer Lawrence, in his police uniform, drove his city patrol vehicle to the place where the Toyota was stopped. Officer Lawrence believed he identified himself as a police officer when he arrived at the scene. He requested identification of the occupants of the Toyota and advised them of their Miranda rights. He asked Calcag-ino for the credit card without mentioning Mulliner’s name. Calcagino produced a credit card in the name of Susan Mulliner issued by Barnett Bank. At this point Officer Lawrence placed Calcagino under arrest for fraudulent use of a credit card.
*491 The trial judge ruled that it was the sheriffs department that stopped the Toyota and a municipal police officer of the City of Punta Gorda who arrested Calcagino. Since the police officer effected the arrest outside his jurisdiction, the court viewed the arrest as illegal and granted Calcagi-no’s motion to suppress.
The state argues that the trial court erred in suppressing the evidence because Officer Lawrence effected the arrest outside his jurisdiction. We view the officer’s arrest of Calcagino as a valid citizen’s arrest; therefore we reverse.
The “under color of office” doctrine does not prevent officers from making otherwise valid citizens’ arrests because they happen to be in uniform or otherwise clothed with indicia of their position when making the arrest. State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1983), approved, 455 So.2d 1024 (Fla.1984). The fact that Officer Lawrence may have identified himself as an officer when he stopped defendants’ car did not prevent him from making a valid citizen’s arrest. Phoenix, 428 So.2d at 267.
A seizure of a person made by a police officer acting outside his jurisdiction as the action of a private citizen is permissible where the officer does not use the color of his office to gain access to evidence not available to a private citizen. State v. Williams, 366 So.2d 135 (Fla. 2d DCA 1979). Here, Officer Lawrence had sufficient valid grounds on which to make the arrest before he left his jurisdiction. See Hyer v. State, 462 So.2d 488 (Fla. 2d DCA 1984). From the information King and the desk clerk gave him when he was at the motel, it was reasonable for him to conclude that a credit card in the name of Susan Mulliner had been stolen and that Stephanie Calcagino was probably in possession of the card. The desk clerk informed him a couple had used the card to obtain a room and gave him tangible evidence of that fact. Additionally, when King informed him the card was stolen she also told him that $2,400 had been charged on the card and the card had been used in the general vicinity. Armed with these facts Officer Lawrence had probable cause to believe a felony had been committed before he left his jurisdiction. Thus, Officer Lawrence’s arrest of Calcagino was a valid citizen’s arrest. See Hyer; Phoenix, 428 So.2d at 265.
Where an arrest is a proper citizen’s arrest, evidence obtained as a result of that arrest is admissible at trial. See Hyer. Thus, it follows that the credit card and any other evidence that Officer Lawrence obtained at the time he arrested Cal-cagino were properly seized and should not have been suppressed.
Accordingly, we hold that the trial court erred in granting Calcagino’s motion to suppress. We reverse and remand for proceedings consistent with this opinion.
SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.