# STATE OF FLORIDA v SELZER

## Case No. 87-709-CF

Nineteenth Judicial Circuit, Indian River County

November 17, 1987

### APPEARANCES OF COUNSEL

State Attorney's Office for plaintiff.

**Bob Pegg** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

On June 13, 1987 at about 7:00 o'clock P.M. the defendant was observed parked in his vehicle on Oslo Road at 8th Court by Officer Jones of the Indian River Sheriff's Department. The officer indicated that the location was one at which drug transactions frequently occur.

When the defendant was first observed a black male unknown to the officer was leaning against the defendant's vehicle conversing with the defendant. The officer further observed the black male's hands inside the vehicle. The officer slowed his vehicle and made eye contact with both the black male and the defendant. At this point the black male walked away from the parked vehicle. The office candidly admitted that while observing the defendant and the black male in conversation he saw nothing that in his experience indicated a drug transaction. After the black male walked away the defendant drove off in an easterly direction and was stopped by the officer who upon approaching the vehicle observed suspected cocaine rocks.

The officer again quite candidly indicated that the basis for his stop was his belief that a drug transaction had taken place. The officer did not observe the defendant violate any traffic laws or engage in erratic driving. After stopping the vehicle the officer related his suspicions to the defendant and requested permission to search the vehicle. It is unrebutted that the officer did not threaten, coerce, or in any way badger the defendant. There was no display of weapons or any indication that the officer browbeat the defendant. The evidence revealed that the defendant readily agreed to the search without any hesitation after a brief conversation with the officer and was not under arrest or threat of arrest.

The evidence in this hearing revealed that the defendant was observed talking to a black male in an area where drug sales frequently take place. The officer did not indicate that either the unknown black male or the defendant were known to him as either drug users or dealers. The officer was also unable to articulate any objective manifestation of what he could recognize as a drug transaction. It is also significant to the Court that the defendant's vehicle bore New Jersey tags. Thus, for all the officer knew the defendant was a tourist looking for directions.

The officer quite candidly admitted that the defendant did not commit any traffic infractions before he stopped him and that the stop took place because the office suspected a drug transaction had taken place.

Based on the facts and circumstances of this case that stop was not based on a founded suspicion. *(Goodman v. State,* 399 So.2d 1120, and *State v. Levin,* 452 So.2d 562 (Fla., 1984) and was therefore improper. Inquiry does not, however, conclude with the foregoing. The evidence also indicates that the defendant without force, threat or intimidation of any kind consented to the search of the vehicle by the officer. The

**19**

Court specifically finds, in accorance with *State v. Fuksman,* 468 So.2d 1067, Pearson, J. concurring at pg. 1071 et seq., that the State has established by clear and convincing evidence that the defendant consented to the search that revealed the presence of cocaine in his auto.

Thus, the case is controlled by the holding of *St. John v. State,* 363 So.2d 862, 4th DCA, Downey, J., and the State has established that the taint of the initial stop was attenuated by the defendant's consent.

Based on the foregoing, the defendant's Motion to Suppress is **DENIED.**