## SCHWARTZ v STATE OF FLORIDA
## Case No. 89-47AC10, Lower Court Case No. 88-19386MM10
Seventeenth Judicial Circuit, Broward County

November 14, 1990

### APPEARANCES OF COUNSEL

**Mark L. Shumaker, Esquire,** for appellant.

**Lewis Michael,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of a conviction entered against the Appellant, Marc I. Schwartz, who was charged by Information on August 17, 1988, with Driving Under the Influence and with Leaving the Scene of an Accident, pursuant to F.S. 316.193(1) and F.S. 316.063, respectively.

On May 12, 1989, the non-jury trial and motion to suppress hearing

were held simultaneously. The Trial Court suppressed the videotape and breath alcohol test results, but allowed the independent observations of the police officers. The Trial Court found the Appellant guilty of Driving Under the Influence, Failure to Leave Information at the Scene of an Accident and in Failing to Use Due Care. Appellant has appealed to this Court alleging that the Trial Court erred by denying that portion of Appellant's motion to suppress concerning the Officers' testimony.

The determinative issue on appeal is whether an off-duty police officer can make a valid warrantless arrest thereby allowing the observations of the Officers' to be deemed admissible.

Generally, public officers of a county or municipality have no official power to arrest an offender outside their jurisdiction. *State v Phoenix,* 428 So.2d 262, 265 (Fla. 4th DCA, 1982, aff'd, 455 So.2d 1024, 1984). However, police officers do possess the common-law right to arrest in the capacity of private citizens. *Id., State v Tamburri,* 463 So.2d 489 (Fla. 2d DCA 1985), *see generally, State v Schuyler,* 390 So.2d 458 (Fla. 3d DCA 1980).

Florida follows the common-law with regard to arrests by private citizens. A private citizen may arrest a person who commits a felony in the citizen's presence. A citizen may also perform an arrest where a felony has already been committed and the citizen believes the person he is arresting committed it. In addition, a private citizen may arrest a person for a misdemeanor if it was committed in his presence and it is a breach of the peace. *Moll v U.S.,* 413 F.2d 1233 (5th Cir. 1969); *Edwards v State,* 462 So.2d 581, 581 (Fla. 4th DCA 1985); *State v Schuyler,* supra, at 460.

To prevent law enforcement officials from misusing the powers of their office in making a citizen's arrest, the courts have held that they may not make a citizen's arrest under the color of their office. *Phoenix v State,* 455 So.2d 1024, 1025 (1984). A majority of courts hold that the "under the color of office" doctrine seeks only to prevent law enforcement officials from using the powers of their office to observe unlawful activity or gain access to evidence not available to a private person. *Id.*

In *Edwards v State,* supra, an off-duty officer who was not in uniform, who displayed no badge and had neither weapons nor handcuffs, yet clearly detained petitioner by examining and retaining his license, was held not to be acting under color of office. Similarly, the off-duty officer who approached Appellant in front of his home and identified himself as a law enforcement officer, was not in uniform nor

28

clothed with any indicia of his position when he detained Appellant, can not be considered to be acting "under the color of his office." In addition, the actions of the off-duty officer in ordering Appellant's father to contact local police, was not an attempt to assert his authority to gain access to evidence that would otherwise not be available to a private citizen. *State v Phoenix*, supra, at 266; *State v Tamburri*, supra, at 491.

For there to be a valid arrest, the misdemeanor must be committed in the presence of the private citizen and it must involve a breach of the peace. Since there is no statute or ordinance defining a breach of the peace in Florida, we must rely upon the common-law. *Edwards v State*, supra, at 583. A "breach of the peace" is a generic term including all violations of the public peace, order or decorum. In addition, it includes the violation of any law enacted to preserve peace and good order. *Id.*

The erratic driving pattern of the Appellant, noted by the off-duty police officer, included hitting a barrier at a gas station causing his front tire to flatten, speeding and weaving, hitting a parked vehicle and then continuing driving, is a prime example of what constitutes a breach of the peace. Appellant's threat to assault the officer is a further illustration of a breach of the peace. Therefore, the off-duty officer properly exercised his power as a private citizen to arrest Appellant, since his conduct constituted a breach of the peace because it posed a threat to himself, other motorists and pedestrians. *See Edwards*, supra, at 581-583; *State v Englehardt*, 465 So.2d 1366, 1368 (Fla. 4th DCA 1985).

The Appellant relies solely on *Drumm v State*, 530 So.2d 394 (Fla. 4th DCA 1988), to substantiate its position to suppress the officers' testimony. In that case, the court held that there were no exigent circumstances to justify a warrantless search and seizure. "All that police knew at the time they arrived at Drumm's house was that a car which was registered in her name had been involved in the accident and the car was, at that time, outside her house." *Id* at 397.

In the instant case, the misdemeanor was committed in the presence of the off-duty police officer, thereby justifying his pursuit to Appellant's residence to effect a private citizen's arrest.

After the legal detention of the Appellant, the officer noted obvious signs of impairment. Observations of the Appellant by the Sunrise police officers included the smell of alcoholic beverage upon his breath, red bloodshot eyes, unstable balance and emotional behavior. In addition, sobriety tests were conducted which Appellant subsequently

**29**

failed. Where an arrest is a proper citizen's arrest, evidence obtained as a result of that arrest is admissible at trial. *State v Tamburri,* supra, at 491. Thus, the testimony of these witnesses cannot be considered the fruits of an illegal arrest.

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the decision of the Trial Court is Affirmed.

**DONE AND ORDERED** in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida, this 14th day of November, 1990.