FARMER, Judge,
dissenting.
The issue on appeal is whether the trial court erred in holding that the Fort Laud-erdale detectives were acting outside of their territorial jurisdiction when they intercepted telephone conversations between a confidential informant and Price. In Goodman v. State, 399 So.2d 1120, 1121 (Fla. 4th DCA 1981), this Court held that a “municipal officer conducting an investigation outside his territorial jurisdiction, the subject matter of which originated in his own jurisdiction,” has not improperly exceeded his authority, (emphasis supplied). See also State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980); Parker v. State, 362 So.2d 1033 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979).
In this case, the trial court emphasized that there was no evidence of any action taken by Price in the City of Fort Lauder-dale, and found that the subject matter of the Price investigation did not originate in Fort Lauderdale. I view the inquiry as to where an investigation originated as factual in nature, and therefore accept the factual finding, as I must, of the trial judge on this point.
The State argues that the Price investigation originated in Fort Lauderdale because the confidential informant initially communicated with Detective Losey in Fort Lauderdale. I do not believe that the place of an initial communication establishes all by itself as a matter of law that any following investigation must have originated in the jurisdiction of the initial communication. And even if it did, the record does not indicate that either Losey or the caller was in Fort Lauderdale at the time of this initial contact.
Although I very likely would have found as the State urges had I been the trial judge, I am not free to do so as an appellate judge. The ruling of the trial court on a motion to suppress comes to us engarbed with a coat of correctness, and we must interpret evidence, inferences and deductions to sustain the trial court’s ruling. Owen v. State, 560 So.2d 207 (Fla.), cert. denied, — U.S. -, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990); State v. Nova, 361 So.2d 411 (Fla.1978); McNamara v. State, 357 So.2d 410 (Fla.1978). There is substantial competent evidence in the record in this case to support the conclusion that the subject matter of the investigation did not *1011 originate, occur, or terminate within the city limits of Fort Lauderdale.
I think an affirmance is required.