LaROSE, Judge.
The State appeals an order granting Roger Alan Mitchell’s motion to suppress statements and physical evidence. The order resulted in the dismissal of drug conspiracy and trafficking charges. We have jurisdiction, see Fla. R. App. P. 9.140(c)(1)(A), (B), and reverse.
Mr. Mitchell was one of several persons investigated by the Temple Terrace Police *1047 Department (TTPD) for crimes related to fraudulent prescriptions. Apparently, TTPD impermissibly crossed jurisdictional lines into Tampa and Hillsborough County to investigate and effect arrests in connection with these alleged crimes. The trial court concluded that such actions contravened mutual aid agreements between TTPD and other law enforcement agencies.
Our record tells us little about Mr. Mitchell’s exact role in the charged offenses. We do know that TTPD officers arrested an alleged key culprit, Michael Maehin, outside of their jurisdiction in October 2009. Mr. Maehin cooperated with TTPD. Based on information he provided, TTPD officers arrested others, including Mr. Mitchell.
The trial court granted suppression motions in the cases of alleged coconspirators, ruling that TTPD lacked jurisdiction to conduct the investigation outside of city limits. Mr. Mitchell later adopted that motion and the trial court’s earlier findings in his motion.
In concluding that TTPD acted unlawfully outside its jurisdiction, the trial court relied on the terms of the mutual aid agreements. It also relied on our decision in State v. Allen, 790 So.2d 1122 (Fla. 2d DCA 2001) (granting suppression where warrant was obtained to search defendant’s property outside of city police officer’s jurisdiction when not authorized by cooperation agreement). The facts of that case, however, are inapposite. Allen involved an individual suspected of having drugs on his property. The Tampa Police Department obtained and executed a search warrant in Lutz. This search violated a mutual aid agreement between the Hillsborough County Sheriffs Office and the Tampa Police Department. Irrespective of the mutual aid agreement, we pause to note that Mr. Allen had an expectation of privacy relating to his property. Mr. Mitchell cannot say the same.
At the heart of this case is the question of whether Mr. Mitchell has standing to seek suppression. The State argued that Mr. Mitchell lacked standing to challenge Mr. Machin’s arrest for jurisdictional defects or any expectation of privacy. The trial court rejected the State’s challenge to Mr. Mitchell’s standing to seek suppression. This was error.
Standing is a question of law that we review de novo. Public Defender, Eleventh Judicial Circuit of Fla. v. State, 115 So.3d 261, 282 (Fla.2013). Standing requires a showing of a legally cognizable interest. Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So.3d 25, 28 (Fla. 5th DCA 2012). To have standing to challenge a search, a defendant must show a proprietary or possessory interest in the area of the search or that there are other factors that create an expectation of privacy. Hendley v. State, 58 So.3d 296, 299 (Fla. 2d DCA 2011). Mr. Mitchell made no such showing. Mr. Mitchell certainly had no reasonable expectation of privacy in a fraudulent prescription. See id.
Further, to the extent TTPD violated a mutual aid agreement by investigating and arresting Mr. Maehin, Mr. Mitchell cannot object to any violations of Mr. Machin’s rights. See San Martin v. State, 705 So.2d 1337, 1345 (Fla.1997) (holding that defendant did not have standing to question voluntariness of code-fendant’s statements implicating defendant in crime); McKenney v. State, 388 So.2d 1232, 1234 (Fla.1980) (finding that defendant did not have standing to object to violations of witness’s constitutional rights). As stated in State v. Pinoamador, 389 So.2d 317, 318 (Fla. 3d DCA 1980):
Assuming, arguendo, that, as the trial court found, the officers were without authority when, outside of the jurisdiction of Hialeah Gardens, and acting as *1048 officers, they met with a confidential informant who provided them information about the defendants, the only rights which could have been affected were those of -the confidential informant, which cannot be vicariously asserted by these defendants.
(Citing Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); McKenney, 388 So.2d 1232.) Mr. Mitchell essentially challenges Mr. Machin’s arrest outside the officers’ jurisdiction and the subsequent evidence developed therefrom. Mr. Mitchell cannot assert Mr. Machin’s rights vicariously-
Order denying motion to suppress and granting dismissal of charges quashed; cause remanded for further proceedings.
DAVIS, C.J., and WALLACE, J., Concur.