403 So.2d 982 (1980)
James Lewis WILSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. SS-233, SS-417.
District Court of Appeal of Florida, First District.
November 13, 1980.
*983 Michael J. Minerva, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Chief Judge.
James Wilson appeals from his convictions of possession of heroin and cocaine. We reverse.
The record in this case reveals that officers of the Lake City Police Department conducted an investigation into the alleged possession of contraband by Wilson outside the city limits of Lake City. There is no evidence in the record of any action taken by Wilson inside the city limits. Pursuant to this investigation, an electronic listening device was placed on an informant and he was instructed to make two controlled purchases of drugs from a residence Wilson was known to frequent. Municipal officers directed and monitored these controlled buys. Based solely upon the information obtained as a result of these controlled buys, a municipal officer submitted an affidavit for a search warrant and the warrant was issued. A week later the warrant was executed by both city and county law enforcement officers, and drugs were discovered in the residence while Wilson was present.
Wilson filed a motion to suppress the contraband on the ground, among other things, that the municipal police officers were acting outside their jurisdiction in conducting the investigation and that one result of their having exceeded their jurisdiction was that the electronic eavesdropping violated Florida law. The trial court denied the motion to suppress and Wilson appealed.
The State contends that the municipal police officers were not outside their jurisdiction, relying on the testimony of one officer that he did have authority to conduct investigations outside the municipality. First, we note that an officer's statement as to his authority and jurisdiction is not proof of such. Second, we disregard the speculative comments in the State's brief to the effect that "perhaps this authority was pursuant to special appointment by the Sheriff of Columbia County... ." There is no evidence to support such speculation. In fact, the evidence is to the contrary because the municipal police officers testified that they *984 did not have authority to execute the warrant or make the arrests involved in this case. Third, it is not totally lacking in accuracy to state that a municipal police officer, acting as a police officer, may conduct investigations outside the city limits. Such investigations are, however, limited to those situations where the subject matter of the investigation originated inside the city limits, State v. Chapman, 376 So.2d 262 (Fla. 3d DCA 1979); Parker v. State, 362 So.2d 1033 (Fla. 1st DCA 1978). Fourth, case law supports the position that private citizens may investigate criminal activity. State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979). Thus, a municipal police officer acting as a private citizen may conduct investigations outside the municipality, and the officer's testimony that he had investigative authority outside the city could be true but irrelevant as to the issue framed by the facts of this case.
Since the officers here were acting outside their territorial jurisdiction, the investigation was proper, if at all, only if it could have been conducted by a private citizen. A reference to the statute governing interception of oral communications establishes that this investigation could not have been conducted by a private citizen.
Section 934.03(2)(c) and (d), Florida Statutes (1979), provides:
(c) It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
(d) It is lawful under this chapter for a person to intercept a wire or oral communication when all of the parties to the communication have given prior consent to such interception.
Since the officers here were not authorized to act as law enforcement officers under the facts here and since they were not operating under the direction of a law enforcement officer, it was not lawful for them to intercept an oral communication where only one party had given prior consent to the interception.
Having established that the electronic surveillance was unlawful, however, a question still remains as to whether and to what extent the warrant was based on the electronic eavesdropping in comparison to the extent to which it was based on the officer's observations and other actions. We need not reach this question because we have determined that under the facts of this case the entire investigation and affidavit were improper.
When officers act outside their jurisdiction, their actions are sustainable as acts of private citizens only if they are not acting "under color of their office." Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962); State v. Shipman, supra. The affidavit for search warrant identified the affiant and another investigator as being of the Lake City Police Department, referred to the affiant's "12 years experience as a police officer," and was signed by the affiant in his capacity as investigator. Clearly, the affiant was acting "under color of office."
Accordingly, we reverse the judgment and sentence and direct the trial court to grant the motion to suppress. In so doing, we wish to note that we share the concern our sister court, the Fourth District Court of Appeal, expressed in Shipman, supra, about the increase of activity by municipal police officers outside their jurisdiction. Too often the courts are held responsible for turning criminals loose on society when responsibility should properly be placed on law enforcement official who fail to adhere to reasonably foreseeable limitations on their conduct.
Having disposed of this case as we have, it is unnecessary to rule on the other issues raised in this appeal. We wish to comment, however, on an aspect of one of the issues raised for the benefit of the Bench and the Bar. Wilson argues that he is entitled to a new trial since the closing arguments and the motion for judgment of acquittal at the *985 close of all the evidence were not recorded and a transcript is not available. The record establishes that closing arguments were not recorded because no party requested it.
Wilson cites Rule 2.070(a), (b), Fla.R.Jud. Adm.:
(a) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. Grand jury proceedings upon order of the chief judge of the circuit, shall be reported; however, no transcription may be made unless required by an order of a court of competent jurisdiction.
(b) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. When a deposition is being reported, no part of the proceedings shall be omitted unless all of the parties and the witness so agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter shall discontinue reporting the testimony of the witness.
Noting that the rules took effect 1 July 1978 and that Rule 2.010, Fla.R.Jud.Adm., provides that the new rules "supersede all conflicting rules and statutes," Wilson contends that the new rule supersedes Section 29.03, Florida Statutes (1977), which provides that the court reporter shall report arguments of counsel when ordered by either party in a criminal case or by the presiding judge. The effect, Wilson urges, is to remove any requirement that counsel request that certain proceedings be recorded and place a duty on the trial court to insure a complete record. Since there is no transcript of the cited portions of the trial, Wilson contends that appellate review is frustrated and a new trial is required.
We view the new rule as directory and not mandatory, but we wish to call it to the attention of the Bar and Bench and encourage conformance to it so that reversal of judgment and sentence upon an allegation of error in closing argument will not be required by the unavailability of a record to review. A recorded argument need not be transcribed except on request; but if it is requested, then it will be available and review may be had.
REVERSED and REMANDED for further proceedings consistent with this opinion.
McCORD and THOMPSON, JJ., concur.