McCORD, Judge.
Appellant appeals his conviction of strong armed robbery and aiding and abetting an aggravated battery. We affirm.
In his first point on appeal, appellant contends the trial court erred in denying his motion to quash the arrest and to suppress evidence seized because the stop of the vehicle that he was driving was predicated upon mere suspicion, not well-founded suspicion or probable cause. We disagree. Under the facts of this case, the officers predicated their stop of appellant’s vehicle upon at least a well-founded suspicion.
In his second point, appellant contends that he is entitled to a new trial since transcripts of the charge conference and closing argument of counsel are not available for this Court to review. Appellant points to Florida Rules of Judicial Administration 2.070(a) and (b), which provide that all criminal proceedings required by law to be reported at public expense shall be reported and that when trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. As explained in Wilson v. State, (Fla. 1 DCA 1980) [1980 FLW 2155], we view Florida Rule of Judicial Administration 2.070 as directory and not mandatory. Because appellant has made no allegation of error occurring in the closing arguments or in the charge conference, no reversible error has been shown in the failure to report them.
AFFIRMED.
MILLS, C. J., and THOMPSON, J., concur.