Alan S. BASS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 14, 1984.

Supreme Court of Delaware.

Submitted: Nov. 7, 1984.
Decided: Dec. 21, 1984.

James R. Lally, Wilmington, for appellant.

James B. Ropp, Deputy Attorney General, Wilmington, for appellee.

Before McNEILLY, HORSEY, and CHRISTIE, JJ.

PER CURIAM:

This case is a criminal appeal from convictions which resulted in sentences totaling five terms of life imprisonment plus 45 years. On appeal we must decide whether the accidental loss of a small portion of the lengthy trial transcript entitles defendant to a new trial in the absence of any evidence that the loss prevents a full and fair review of his conviction on appeal. We find that under the circumstances of this case the loss of a part of the transcript does not, in itself, entitle defendant to a new trial.

In connection with the appeal of his conviction, appellant ordered the preparation of the entire transcript of the trial proceedings as soon as he was convicted. However, during the preparation of the transcript a small portion of the court reporter's notes were blown out the window and lost in a storm.

When the loss was discovered, the defendant filed a motion in this Court seeking the immediate remand of the case to Superior Court for a new trial. Because no hearing on the matter of the lost portions of the trial transcript had been held in Superior Court and no official record regarding the loss had been made, the case was remanded to Superior Court for a hearing.

After Superior Court conducted a hearing, it submitted a report which summarized the

evidence it had taken. The Superior Court concluded in substance that:

(a) The missing notes were blown out the window in a storm.

(b) It appears that less than three pages of the trial transcript were lost (out of about 450 pages).

(c) It was possible "to reconstruct the substance" of five out of seven of the omissions, and the reconstructions were set forth in the report and are now a part of the record on appeal.

This appears to have left only two gaps in the transcript where the record could not be reconstructed. The lost portions of the transcript are probably not more than a page or two in length.

The appellant has renewed his motion to remand the case to Superior Court for a new trial. We deny the motion.

The court reporters in Superior Court have a statutory duty to "attend all sessions of the Superior Court ... and such hearings ... as may be required, to report all evidence, opinions and other matters as the Superior Court may require...." 10 *Del.C.* § 525. It is apparent in this case that the court reporter did attend the trial and apparently he reported all the evidence.

■■ While it is customary under the statute to report all the trial evidence (as was done in this case) and to provide a transcript of the pertinent parts thereof on request when an appeal is taken, neither the statute nor the constitution guarantees that every word uttered during the trial will be made available on appeal. From time to time, minor omissions do occur, and this most often happens when recording equipment is used. A transcript or an adequate substitute for a transcript is required only to the extent that it is essential for the presentation of a particular issue on appeal. *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

■■ It is to be noted that the missing portions of the transcript contained only testimony presented in open court by the defendant himself (and possibly a ruling on an objection thereto which neither attorney re-

members or regarded as important enough to note in writing). No one can say that anything significant is missing from the transcript or that any significant ruling was made which is not now available for review. Whatever testimony is missing was given in defense counsel's presence. Furthermore, after consultations with his attorney, defendant has had a full chance to submit, for possible inclusion in the record, his recollection or his attorney's recollection of anything significant which was said in the lost portions of the transcript. It is also to be noted that the missing testimony was in fact heard and considered by the jury in its resolution of factual issues. None of the subjects under discussion in the missing portions of the transcript were taken up in the motion for a new trial, which was filed in Superior Court before the loss of the pages took place.

Under the circumstances we conclude that the portions of the reported notes which were lost in this case and which have not been reconstructed were *de minimus,* and that no prejudice to the defendant has been shown on account of the loss.

We further conclude that an adequate substitute for a complete transcript has been supplied, and that what has been supplied gives defendant that portion of the transcript which is essential for a fair presentation of his appeal.

In the absence of a statute to the contrary, the defendant is not entitled to a new trial on account of an accidental loss (or failure to record) small portions of the evidence or the proceedings unless he shows some form of specific prejudice which he has suffered on account of the loss. *See Rutledge v. State,* 245 Ga. 768, 267 S.E.2d 199 (1980) *Benton v. State,* Fla.App., 394 So.2d 474 (1981); *Lucas v. United States,* D.C.App., 476 A.2d 1140 (1984); *Commonwealth v. Harris,* 376 Mass. 74, 379 N.E.2d 1073 (1978).

The motion to remand the case to Superior Court for a new trial on account of the loss of portions of the trial transcript will be denied, and the appeal will proceed in the existing record.