DELL, Judge.
Appellant challenges his convictions of attempted manslaughter and simple assault. We find reversible error in the trial court’s denial of appellant’s request for a court reporter.
Appellant’s counsel made a specific request for the presence of a court reporter during jury selection. The court refused this request, saying, “What we will do is make notes of any objections you may have and put those on the record.” After voir dire, appellant’s counsel noted two objections for the record, one of which involved a remark and an alleged gesture which may have constituted prosecutorial misconduct.
Rule 2.070, Rules of Judicial Administration, provides in pertinent part:
(a) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported on the request of any party.
(b) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of *132 the parties agree to do so and the court approves the agreement.
(emphasis added.)
Appellee cites Benton v. State, 394 So.2d 474 (Fla. 1st DCA 1981 and Wilson v. State, 403 So.2d 982 (Fla. 1st DCA 1980) as support for its contention that provision of a court reporter is a matter within the trial judge’s discretion.
In Wilson, no party requested rec-ordation of the closing argument. The defendant argued that Rules 2.070(a) and (b) placed the responsibility to provide the court reporter upon the trial judge.
We view the new rule as directory and not mandatory, but we wish to call it to the attention of the Bar and Bench and encourage conformance to it so that reversal of judgment and sentence upon an allegation of error in closing argument will not be required by the unavailability of a record to review. A recorded argument need not be transcribed except on request; but if it is requested, then it will be available and review may be had.
Id. at 985 (emphasis added).
Benton relied upon this language, and affirmed a conviction because the defendant did not allege that error occurred during the unreported proceeding.
Here, we have a specific request for a court reporter and an allegation of error occurring during the unreported proceeding. We agree that Rules 2.070(a) and (b) are directory in the sense that they do not place an affirmative duty upon a trial judge to undertake responsibility which properly belongs to defense counsel. However, we cannot accept the State’s contention that Wilson and Benton give a trial judge the discretion to deny a defendant’s specific request for a court reporter.
The trial judge erred reversibly by denying appellant’s request for a court reporter during jury selection. Since our reversal requires a new trial, we need not reach the other points raised by appellant.
REVERSED and REMANDED.
ANSTEAD, C.J., and HERSEY, J., concur.