LETTS, Judge.
For disobeying a court order entered as an adjunct to a domestic dispute, the defendant was held in indirect criminal contempt and sentenced to four months in jail. No court reporter covered the contempt hearing and the defendant claims reversible error for that omission, which deprived him of the transcript necessary to a successful appeal. We affirm.
In Loucks v. State, 471 So.2d 131, 132 (Fla. 4th DCA 1985), this court in a criminal case stated that Florida Rules of Judicial Administration 2.070(a) and (b) “are directory in the sense that they do not place an affirmative duty on a trial judge to undertake responsibility which properly belongs to defense counsel.” In the case at bar, the record, such as it is, does not reveal, nor does the defendant claim, that he requested a court reporter. This being so, we find Loucks controlling and affirm.
Despite affirmance, we are not too comfortable with the Loucks rationale. Resort to rule 2.070(a) reveals mandatory language directing that all criminal proceed *557 ings shall be reported. It is true that the instant proceeding is not the classic criminal prosecution. On the other hand, the order to show cause sub judice required the defendant to show cause why he should not be held in indirect criminal contempt (emphasis supplied) pursuant to Florida Rule of Criminal Procedure 3.840. Moreover, the defendant was incarcerated as a result.
From all of the above, it would appear to us that the instant proceedings were criminal and the court should have provided a court reporter or an authorized equivalent. Despite this view, we affirm upon the authority of Loucks, which, in effect, holds that the requirement can be waived. In so doing, we concede that having to provide a court reporter in every domestic dispute where the trial court’s criminal contempt powers are sought to be invoked may involve incalculable increased costs on an already overburdened family law system.
Accordingly, believing this matter to be of great public importance, we certify the following question to the Supreme Court:
DOES FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.070(a) MANDATE THE PRESENCE OF A COURT REPORTER OR AN AUTHORIZED EQUIVALENT IN AN INDIRECT CRIMINAL CONTEMPT PROCEEDING WHETHER OR NOT THE DEFENDANT REQUESTS ONE?
AFFIRMED.
ANSTEAD and WALDEN, JJ., concur.