PER CURIAM.
The state appeals the trial court’s order that granted appellee’s motion to suppress. *1010 The trial judge found that “at no time did the ... investigation originate, occurr [sic], or terminate within the city limits of Fort Lauderdale” and suppressed all the evidence because the Fort Lauderdale police acted outside their jurisdiction when they conducted their investigation of appellee. We reverse.
The record established that the investigation of appellee originated in the City of Fort Lauderdale, the territorial jurisdiction of the investigating officer, and therefore, the trial judge should not have granted appellee’s motion to suppress. See Goodman v. State, 399 So.2d 1120 (Fla. 4th DCA 1981) (municipal police officer has authority to conduct investigation outside jurisdiction if subject matter of investigation originated within his or her own jurisdiction). The confidential informant [Cl] had been convicted as the result of an arrest by the Fort Lauderdale Police Department. He contacted a Fort Lauderdale police officer because of the obligations of that conviction. That officer opened a file on the Cl and began an investigation. He had the Cl informer contact appellee by telephone, which the officer recorded on a telephone located at the Fort Lauderdale Police Department. Other phone calls were also recorded. When the Cl completed the plans for a drug deal to take place outside of Fort Lauderdale, the officer contacted a Broward Sheriff’s Department deputy, who took over the investigation which led to appellee’s arrest and the search of his residence.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
POLEN and GARRETT, JJ., concur.
FARMER, J., dissents with opinion.