PER CURIAM.
Municipal law enforcement officers can exercise law enforcement powers outside of his or her jurisdiction only in certain circumstances. Gregory Nunn moved to suppress the contents of a phone call recorded by a Coral Springs police officer on grounds that the officer lost jurisdiction to investigate once she learned all the crimes occurred in Margate. We hold that because the officer had a good faith belief that a crime may have occurred in Coral Springs when the call was recorded, the officer was acting within her jurisdiction when she recorded the call.
Nunn was charged with sexual battery on a child under twelve, six counts of lewd and lascivious molestation of a child under twelve, and lewd and lascivious exhibition in the presence of a child under sixteen, for acts committed on B.N. The charges involved acts occurring in Florida. After B.N. and her mother moved to New Mexico, B.N. reported the acts to her mother, who called New Mexico authorities. The New Mexico authorities in turn called the Coral Springs Police Department because they believed Nunn lived in Coral Springs. A Coral Springs officer flew out to New Mexico and interviewed B.N. B.N. told the officer that Nunn lived in two different places: an apartment in Coral Springs and a house in Margate.
After interviewing B.N., the Coral Springs officer decided to do a controlled phone call. B.N.’s sister initiated the call, and then B.N. spoke to Nunn while the officer tape-recorded the call. The officer believed that she was investigating crimes which occurred in Coral Springs and Mar-gate, as B.N. told her during the interview that incidents occurred in both places. After the controlled call, B.N. admitted that all the acts occurred at the house in Mar-gate. Nunn was arrested by Margate authorities based on his statements during the controlled call.
Nunn moved to suppress the controlled call, arguing that the Coral Springs officer violated the Florida Security of Communications Act,[1] which requires all parties to a wire, electronic, or private oral conversation to consent to the recording of the conversation. § 934.03(2)(d), Fla. Stat. (2010). Although the act provides for an exception to law enforcement officers, allowing officers to record a communication in furtherance of a criminal investigation if one party consents, § 934.03(2)(c), Fla. Stat. (2010), Nunn claims that the officer was not acting within her jurisdiction when she recorded the call because all the acts occurred in Margate. After a hearing, the trial court denied the motion, holding that based on the totality of the circumstances, the officer had reasonable grounds to believe that a criminal act occurred in Coral Springs, and therefore, the officer had jurisdiction to record the call.
Generally, municipal law enforcement officers can exercise his or her law enforcement powers only within the territorial limits of the municipality. See Moncrieffe v. State, 55 So.3d 736, 740 (Fla. 4th DCA 2011). Thus, in Wilson v. State, 403 So.2d 982, 983 (Fla. 1st DCA 1980), the defendant’s statements on a recorded call were suppressed when all of the defen *568 dant’s acts occurred outside of the city limits. Although an officer can conduct investigations outside of his or her jurisdiction acting as a private citizen, the First District held that an officer is not entitled to the benefit of the law enforcement exception to the all-party consent rule when doing so. Id. at 984.
One exception to the territorial limits of a municipal officer’s jurisdiction allows an officer to act outside of his or her jurisdiction if the subject matter of the investigation originates inside city limits. State v. Price, 589 So.2d 1009 (Fla. 4th DCA 1991). In Price, a confidential informant contacted a Fort Lauderdale police officer to offer assistance in an investigation. The officer had the informant contact the defendant, and the officer recorded the call. Neither the defendant nor the informant was located in Fort Lauderdale when the call was made. We reversed the suppression of the recorded calls because the investigation of the defendant originated in Fort Lauderdale. Id. at 1010.
In this case, Nunn argues that when the Coral Springs officer made the controlled call, she was acting outside her jurisdiction because B.N. had clarified that Nunn had molested her only while in Mar-gate. The State responds that the officer had a good faith belief that the acts occurred in both Margate and Coral Springs when the controlled call was made. We agree with the State. Just as an arrest, made in good faith reliance upon the law, is not deemed unlawful when a law is subsequently determined to be unconstitutional, State v. Calloway, 589 So.2d 326, 328 (Fla. 5th DCA 1991), the investigatory acts of an officer outside of his or her jurisdiction should not be deemed unlawful if during the investigation the officer has a good faith belief that the crime occurred within his or her jurisdiction.
Here, the Coral Springs officer testified during the suppression hearing that B.N. reported that Nunn committed acts in both Coral Springs and Margate before the controlled call. Thus, the officer had a good faith belief that she was investigating a crime which may have been committed in Coral Springs when the controlled call was made. Based on the officer’s good faith exercise of her jurisdiction, we affirm the trial court’s ruling denying Nunn’s motion to suppress.

Affirmed.

STEVENSON, GERBER and CONNER, JJ., concur.

. For purposes of this opinion, we assume that Florida law applies to the recording of Nunn’s statements. See Cohen Bros., L.L.C. v. ME Corp., S.A., 872 So.2d 321, 324 (Fla. 3d DCA 2004) (law of state where interception occurs applies; interception occurs where the communication is uttered).