# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                  )
      v.           )    Cr. ID No. 83000508DI
                  )
ALAN S. BASS,          )
                  )
      Defendant.    )

## ORDER

Submitted: June 25, 2014
Decided: September 26, 2014

*Upon Consideration of Defendant's Sixth Motion
For Postconviction Relief,* **DENIED.**

Gregory E. Smith, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 North French Street, Wilmington, Delaware, 19801, Attorney for the State.

Alan S. Bass, James T. Vaughn Correctional Center, Smyrna, Delaware 19977, *pro se*.

**MEDINILLA, J.**

On this 26th day of September, 2014, upon consideration of Defendant Alan S. Bass' Sixth Motion for Postconviction Relief, it appears to the Court that:

1.      In June 1983, a jury convicted Bass of two counts of Rape First Degree, three counts of Kidnapping First Degree, two counts of Robbery First Degree, Attempted Robbery First Degree, two counts of Burglary Second Degree, and Burglary Third Degree.  On January 13, 1984, this Court sentenced him to a total of five life sentences plus forty-five (45) years of imprisonment.  Bass' convictions and sentences were affirmed on direct appeal.[1]

2.      On September 16, 2013, Bass filed his sixth Motion for Postconviction Relief pursuant to Delaware Superior Court Criminal Rule 61, attaching a Motion for Appointment of Counsel, an Affidavit, and Memorandum of Law in support thereof.[2]  After receiving this Court's leave for an extension of

---

[1] *Bass v. State*, 720 A.2d 540 (Del. 1984); *Bass v. State*, No. 14, 1984, slip. op. (Del. Sept. 20, 1985).

[2] Each of Bass' five prior motions for post-conviction relief has been denied.  See *State v. Bass*, 1998 WL 90505 (Del. Super. Ct. Aug. 24, 1988), *aff'd*, 1989 WL 47282 (Del. Apr. 5, 1989) (denying first motion for post-conviction relief); *Bass v. Redman*, 1988 WL 117516 (Del. Oct. 26, 1988) (affirming denial of petition for writ of habeas corpus); *Bass v. Redman*, C.A. No. 89-278, slip. op. (D. Del. June 19, 1990) (recommending denial of petition for federal habeas relief); *Bass v. Redman*, No. 91-3043, slip. op. (3d Cir. Apr. 5, 1991) (adopting magistrate's report and recommendation for denial of federal habeas relief); *In re Bass*, 1992 WL 183105 (Del. July 23, 1992) (dismissing petition for writ of certiorari/mandamus); *State v. Bass*, 1993 WL 1488081 (Del. Super. Ct. July 23, 1993), *aff'd*, 1993 WL 478076 (Del. Nov. 5, 1993) (denying second motion for post conviction relief); *Bass v. State*, 1998 WL 231270 (Del. May 1, 1998) (affirming denial of third motion for post-conviction relief); *State v. Bass*, 2003 WL 21538107 (Del. Super. Ct. May 2, 2003), *aff'd*, 2003 WL 21810837 (denying fourth motion for post-conviction relief); *Bass v. State*, 2013 WL 2398580 (Del. May 31, 2013) (affirming denial of fifth motion for post-conviction relief).

time over Bass' objections,[3] the State filed its Response on May 30, 2014. Thereafter, Bass filed several responsive motions.[4] Because Bass' claims are procedurally barred, this Court need not address the merits of his contentions.

3.    Under Delaware law, when considering a motion for post-conviction relief, this Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61 before it may consider the merits of the defendant's claim.[5] If a motion for post-conviction relief is filed after three years from the date the judgment became final, this Court "may not extend the time for taking action."[6] Bass' convictions became final for purposes of Rule 61 on October 11, 1985, when the Delaware Supreme Court affirmed his convictions on direct appeal.[7] Accordingly, the instant motion is time-barred. An exception to

---

[3] See "Movant's Reply to State's Motion for Extension of Time dated April 15, 2014; and Movant's Motion for Sanction for Failure to Produce Statement under Superior Court Criminal Rule 26.2(e) and Relief from Judgment or Order Pursuant to Superior Court Civil Rule 60(b)."

[4] See "Affidavit of Alan S. Bass in Support of Movant's Motion in 'Reply' to the State's Response to Defendant's Sixth Motion for Postconviction Relief dated May 30, 2014, and Attached Mitigating Evidence"; "Movant's Motion in 'Reply' to the State's Response to Defendant's Sixth Motion for Postconviction Relief dated May 30, 2014"; "Motion Attaching Mitigating Evidence in Support of Movant's Affidavit and Reply to the State's Response dated May 30th, 2014."

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)); *Bailey v. State*, 588 A.2d 1121, 1127 (Del. Super. Ct. 1991).

[6] Super. Ct. Crim. R. 61(i); *Smallwood v. State*, 2007 WL 452296, at *1 (Del. Feb. 13, 2007).

[7] *Bass v. State*, 1987 WL 65059 (Del. Jan. 30, 1987). See Del. Super. Ct. Crim. R. 61(i)(2). Because his convictions and sentence became final before the promulgation of Rule 61, Bass had until January 1, 1989, to timely file a motion for post-conviction relief. *See Boyer v. State*, 562 A.2d 1186, 1187-88 (Del. 1989).

this rule exists where a motion asserts a "retroactively applicable right." No such right has been asserted, nor does one apply here.

4.  Further, Rule 61 bars formerly adjudicated claims,[8] and those that raise arguments which could have been raised earlier but were not, unless the interests of justice so require.[9] Procedural bars can otherwise be overcome if the movant shows "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[10]

5.  Bass cannot show that the interests of justice would be served by entertaining his motion, nor would a miscarriage of justice result from applying the procedural bars of Rule 61 here. In substance, the instant motions are predicated upon a mistake appearing in the State's recitation of facts during Bass' previous appeal. Specifically, in its Motion to Affirm the denial of Bass' fifth motion for postconviction relief, the State mistakenly asserted that Bass was arrested at the scene of one of his crimes.[11] In fact, Bass was arrested some time later, after eyewitnesses picked him from a photo array.[12] In the instant motion, Bass contends that the State's misstatement of a non-critical fact during the course of his

---

[8] Del. Super. Ct. Crim. R. 61(i)(4).
[9] Del. Super. Ct. Crim. R. 61(i)(2).
[10] Del. Super. Ct. Crim. R. 61(i)(5).
[11] See State's Mot. to Affirm, No. 128, 2013, at 1.
[12] *See Bass v. State*, 720 A.2d 540 (Del. 1984).

fifth Rule 61 appeal constituted an amendment to his indictment and retroactively changed the basis for his arrest. This argument is wholly without merit. Bass' indictment by a Grand Jury constituted an independent finding of probable cause against him. He was found guilty of 11 felonies, including rapes, kidnappings, robberies, and burglaries after a trial by jury. His conviction and sentence were affirmed on direct appeal.[13] Bass' sixth motion for post-conviction relief is procedurally barred and otherwise fails to state a colorable claim of miscarriage of justice.

6. Finally, because this Court finds no cognizable basis to grant Bass' requested relief, this Court declines to appoint counsel for his post-conviction proceedings.

7. Accordingly, Defendant's Sixth Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc:     Prothonotary

---

[13] *See id.*