SWANSON, J.
In this appeal from his conviction and sentence for two counts of possession of child pornography, appellant asserts the trial- court committed reversible error in denying three suppression motions. The first motion sought to suppress all evidence seized as a result of the extra-jurisdictional investigation and search of appellant’s home computer located in Atlantic Beach by Detective Camille Burban of the Neptune Beach Police Department. The second motion claimed the warrant authorizing the search of appellant’s home computer was overbroad because it did not state with particularity the areas of the computer to be searched. The third motion claimed the execution of the search warrant was unreasonable because the forensic examination of appellant’s computer was not completed until over six months after the seizure of the computer. We affirm the denial of the second and third motions without discussion. For the reasons that follow, we also affirm the denial of the first motion.
At the suppression hearing, Detective Camille Burban of the Neptune Beach Police Department testified that she had pri- or experience investigating sex crimes and child pornography as a member of the Internet Crimes Against Children (ICAC) Task Force for Northeast Florida. In *1159 2009, she used a program called the Wyoming Tool Kit to search for people who were sharing known child pornography on peer-to-peer networks. A peer-to-peer network was a software program that one could download onto a computer to allow the user to share files with other people who were connected to the same network. Known child pornography consisted of files identified by the National Center for Missing and Exploited Children or the Wyoming ICAC Task Force as depicting real child victims. Just as every person had a fingerprint, every picture of known child pornography had an SHA value, which was recognized by the software Burban had running in her office. When the program identified a peer-to-peer network trading an SHA value linked to known child pornography, it logged the IP address (the number identifying the location where the computer was hooked up to the Internet), the name of the file containing the known child pornography, and the date the file in question was shared. In this case, the program logged an IP address that was from Comcast with the latest sharing occurring on August 6, 2009. Burban subpoenaed Comcast and determined that the IP address was registered to a residence in Atlantic Beach.
Burban then called Detective Chris Pe-gram of the Atlantic Beach Police Department and told him that she obtained a hit on her computer for a residence in Pe-gram’s jurisdiction. When she asked if he wanted to give it to the ICAC Task Force for Northeast Florida or handle it himself, Pegram responded that he wanted the case, but asked for her assistance because the Atlantic Beach Police Department did not have the necessary training or experience. At that time, there was a mutual aid agreement between both police departments. She and Detective Pegram began researching who lived at the address in question and applied for a search warrant. Burban believed there was probable cause to search the address because of the SHA value, which was similar to a digital fingerprint for the photograph. She downloaded the photograph to make sure it was child pornography and had not been deleted. She typed up the search warrant and presented it to the magistrate, who signed and issued it. She, Detective Pegram, and other officers executed the search warrant on September-9, 2009. Appellant and his seventeen-year-old stepson were present at the time. She explained to appellant that she was there to investigate a computer crime and needed to talk to each person in the house. Appellant was absolutely cooperative. She learned that there were two computers in the house, a laptop for the family and a desktop computer in the bedroom. Appellant confessed that he had downloaded child pornography onto the desktop computer in the bedroom. She took the desktop computer and left a copy of the warrant with appellant.
After the trial court denied appellant’s motions to suppress, appellant entered a negotiated plea of no contest to two counts of possession of child pornography while reserving the right to appeal the denial of his dispositive motions to suppress. Pursuant to the plea agreement, appellant was adjudicated guilty and sentenced to three years in prison followed by two years of sex offender probation. This appeal followed.
Generally, municipal law enforcement officers can exercise their law enforcement powers only within the territorial limits of the municipality. Nunn v. State, 121 So.3d 566, 567 (Fla. 4th DCA 2013); State v. Griffis, 502 So.2d 1356, 1357 (Fla. 5th DCA 1987). One exception allows an officer to act outside of his or her jurisdiction if the subject matter of the investigation originates inside city limits. Nunn, 121 So.3d at 568; State v. Allen, 790 So.2d 1122, 1125 (Fla. 2d DCA 2001); State v. Price, 589 So.2d 1009, 1010 (Fla. *1160 4th DCA 1991); Wilson v. State, 403 So.2d 982, 984 (Fla. 1st DCA 1980). Thus, the investigatory acts of an officer outside of his or her jurisdiction are not deemed unlawful if during the investigation the officer has a good faith belief that the crime occurred within his or her jurisdiction. Nunn, 121 So.3d at 568. Another exception applies if the officer acts in accordance with a voluntary cooperation agreement pursuant to section 23.121, Florida Statutes, or an interlocal agreement to provide law enforcement services pursuant to section 166.0495, Florida Statutes. Jarrett v. State, 926 So.2d 429 (Fla. 2d DCA 2006); Allen, 790 So.2d at 1125-26. When an officer unlawfully asserts official authority, either expressly or implicitly, to gain access to evidence, that evidence must be suppressed. State v. Phoenix, 428 So.2d 262, 266 (Fla. 4th DCA 1982), approved, 455 So.2d 1024 (Fla.1984).
Appellant claims the trial court erred in denying his motion to suppress evidence obtained in Atlantic Beach as a result of the extra-jurisdictional investigation by Detective Burban of the Neptune Beach Police Department. Specifically, appellant claims Burban acted outside her territorial jurisdiction when she utilized a computer program available only to law enforcement to investigate the contents of appellant’s computer that was located outside the. city limits of Neptune Beach. However, the state correctly responds that Burban’s investigation involved computer files appellant placed in folders that were shared over a peer-to-peer network. Because the child pornography present on appellant’s computer could be accessed over the Internet by way of appellant’s file-sharing program, appellant cannot argue that this portion of Burban’s investigation was outside her territorial jurisdiction. In fact, Burban did not know whether the source of the child pornography being shared over the Internet was located inside or outside her territorial jurisdiction.
However, once Burban subpoenaed the Internet provider and determined the IP address was registered to a residence in Atlantic Beach, it became clear any further investigation was outside Burban’s territorial jurisdiction unless one of the aforementioned exceptions applied. Burban recognized this when she contacted Detective Pegram of the Atlantic Beach Police Department, who asked for her assistance because the Atlantic Beach Police Department did not have the necessary training or experience. At that time, there was a mutual aid agreement between both police departments. She and Detective Pegram then obtained a search warrant, which they and other officers executed on appellant’s residence. Although appellant claims the mutual aid agreement did not allow Burban to continue her investigation outside the limits of Neptune Beach where the subject matter of the investigation did not originate inside the city limits of Neptune Beach, appellant’s position rests on the questionable notion that his possession of child pornography was confined to the city limits of Atlantic Beach. Because appellant placed the child pornography in a shared computer file that could be accessed over the Internet in neighboring Neptune Beach, Detective Pegram’s investigation originated inside the city of limits of Neptune Beach, and the mutual aid agreement between the Neptune Beach and Atlantic Beach Police Departments allowed her to continue that investigation under the auspices of the Atlantic Beach Police Department. Accordingly, the trial court properly denied appellant’s motion to suppress.
AFFIRMED.
LEWIS, C.J., and ROWE, J., concur.