**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

T&H BAIL BONDS, INC.   )
et al.,                )
                       )
            Plaintiffs, )
                       )  C.A. No. N14J-01761
       v.              )
                       )
PREFERRED INVESTMENT   )
SERVICES, INC.,        )
                       )
            Defendant.  )

## ORDER

On February 20, 2020, Plaintiff Floyd White ("White") filed a Motion for Condemnation Order and Judgment against defendant/judgment debtor Preferred Investment Services, Inc. ("PISI").[1] White was attempting to execute a judgment owed by PISI by attempting to collect PISI funds allegedly in the possession of A Bail Bond by Resto & Company, Inc. ("Resto & Co."), a garnishee.[2] On March 5, 2020, Resto & Co. filed a response to plaintiff's Motion, denying it possessed PISI property subject to garnishment.[3]

---

[1]  Docket Item (hereinafter "DI") 368.
[2]  *Id.*
[3]  DI 373.

1

On March 6, 2020, Superior Court Commissioner Lynne Parker presided over a hearing on White's Motion, and at the conclusion of the hearing, Commissioner Parker denied White's Motion for Condemnation and Judgment, and suggested the parties "work together to resolve the outstanding issues involving Resto."[4] On March 16, 2020, White filed a Motion for Reconsideration of the Commissioner's Order.[5] On March 18, 2020, the Superior Court issued an Order that a transcript of the proceedings before the Commissioner be prepared and filed.[6] On May 12, 2020, the Prothonotary docketed a certified transcript of the March 6, 2020 hearing.[7] On June 1, 2020, Resto & Co. filed a response in opposition to White's Motion for Reconsideration.[8]

On July 22, 2020, more than two months after the certified Transcript was filed, White submitted a letter to Commissioner Parker, challenging "the accuracy and completeness of the official transcript" docketed on May 12, 2020.[9] Specifically, White requested that the Court provide, *inter alia*, a "copy of the audio recording of the hearing and any [c]ourt reporter notes."[10]

---

[4] DI 375.

[5] DI 376.

[6] DI 377.

[7] Lucille Mancini, an Official Court Reporter of the Superior Court, specifically certified that the transcript is an "accurate transcript of the proceedings . . . in the Superior Court." DI 378, p. 74.

[8] DI 379.

[9] DI 386.

[10] White's additional written demands, characterized as a "spoilation letter," had nothing to do with the veracity or accuracy of the transcript of the court proceeding, or the method by which the transcript may have been prepared. *Id.*

On July 24, 2020, Commissioner Parker denied White's request for a copy of the audio recording of the March 6, 2020 hearing, holding the audio recording was not the official record of the Superior Court, and was not subject to disclosure.[11] Commissioner Parker advised White that if he believed there existed "material discrepancy(s)" between the court transcript and the testimony at the hearing, he could file a motion seeking production of the recording.[12] But, White would be required to not only identify a material discrepancy between what he asserts constituted the specific testimony at the hearing and the content of the alleged erroneous certified Transcript; he would need to explain with particularity why the specific alleged "discrepancy, if not corrected, would result in actual prejudice."[13] The Commissioner instructed White to go beyond simply identifying a "typographical or other insignificant error in the transcription."[14] White's burden was to "set forth a detailed explanation as to why [he] believe[s] that [he] will suffer actual prejudice if the transcript is not corrected."[15]

On August 20, 2020, the Superior Court denied White's Motion for Condemnation Order and Judgment – the subject of the March 6, 2020 hearing.[16]

---

[11] The Commissioner's letter at issue was erroneously docketed in another civil action where White is a party – *Floyd White v. Preferred Investment Services Inc., et al.*, C.A. No. N18C-04-225 DCS, Docket Item 49 (Transaction ID 65796987).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] DI 387.

On September 30, 2020, White submitted a Notice of Plaintiff's Objection to Transcript of March 6, 2020 Hearing and Demand for Audio Recording.[17] In the Notice of Objection, White claims the Transcript is deficient for failing to: (1) include a Table of Contents; (2) identify the singular hearing transcript as "only one volume;" (3) identify "the method which the proceedings were recorded" and the specific device used to record same; and (4) notate opposing counsel's physical location in the Courtroom when he offered testimony or argument – a litany of formatting and editing preferences. White's Notice of Objection identifies a general list of "deficiencies" in the transcript which do not identify material testimonial errors or omissions.[18] In fact, paragraphs 17 thru 71 of White's Objection to Transcript of March 6, 2020 simply state, without more, that a particular line or lines on a page of the transcript is "missing information."

The court reporter's certified transcript is the official record of what occurred at the hearing and is property of the Superior Court.[19] Audio recordings of Court proceedings which do not represent the official record are property of the Superior Court and are not subject to disclosure.[20] A party to litigation does not have a right to proofread, edit or format the transcript which constitutes the certified record of the

---

[17] DI 389.
[18] Id.
[19] State v. Montgomery, 2021 WL 1784768 at * 1 (Del. Super. May 5, 2021).
[20] Admin. Directive No. 2000-5 (Del. Super. Apr. 3, 2000) at p. 3.

4

Court. The Superior Court alone possesses the authority to review hearing transcripts for errors and to assure itself that the transcript is a "correct recording" of the hearing.[21] White's Motion to obtain a copy of an audio recording of the March 6, 2020 hearing is not supported by the law, and he has failed to demonstrate that the transcript should be reviewed by this Court for material errors which resulted in prejudice.

An imperfect transcript is not fatal to the administration of justice. As the Delaware Supreme Court acknowledged in a criminal appeal, where the transcripts prepared to prosecute the appeal were challenged by the defendant as being incomplete:

> Neither [10 *Del. C.* § 525] nor the [Delaware] [C]onstitution guarantees that every word uttered during the trial will be made available on appeal. From time to time, minor omissions do occur, and this most often happens when recording equipment is used. A transcript or an adequate substitute for a transcript is required only to the extent that it is essential for the presentation of a particular issue on appeal . . .
>
> In the absence of a statute to the contrary, the defendant is not entitled to a new trial on account of an accidental loss (or failure to record) small portions of the evidence or the proceedings unless he shows some form of specific prejudice which he has suffered on account of the loss.[22]

As *Bass* makes clear, White's burden to obtain Superior Court review of a certified transcript is to satisfy the Court that there exists a material error in the certified transcript which has caused prejudice. White has failed to identify any specific hearing

---

[21] *Id.*, citing *Parker v. State*, 205 A.2d 531, 533 (Del. 1964).
[22] *Bass v. State*, 720 A.2d 540, 541 (Del. 1984), citing *Draper v. Washington*, 372 U.S. 487 (1963).

5

testimony omitted from the official transcript that is relevant to the Motion for Condemnation Order and Judgment, and which has caused prejudice.

White's demand to inspect and receive a copy of the March 6, 2020 audio recording is DENIED.

**IT IS SO ORDERED**, this 4th day of January, 2022.

/s/ Martin B. O'Connor
Commissioner Martin B. O'Connor