# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENNIFER AUGUST, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. S21A-08-003 MHC |
| | ) | |
| PEOPLE'S PLACE II, INC. | ) | |
| and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## OPINION AND ORDER
Submitted: December 2, 2021
Decided: February 23, 2022
*Upon Consideration of Appellant's Appeal from a Decision of
the Unemployment Insurance Appeal Board,*
## AFFIRMED.

Jennifer August, Rehoboth Beach, Delaware. *Pro Se.*

Jennifer C. Jauffret, Esquire, Richards, Layton & Finger, P.A., Wilmington, Delaware. *Attorney for People's Place II, Inc.*

Victoria E. Groff, Esquire, Daniel C. Mulveny, Esquire, Delaware Department of Justice, Wilmington, Delaware. *Attorneys for Unemployment Insurance Appeal Board.*

Victoria W. Counihan, Esquire, Delaware Department of Justice, Wilmington, Delaware. *Attorney for Delaware Division of Unemployment Insurance.*

**CONNER, J.**

## INTRODUCTION

Appellant Jennifer August ("August") appeals pro se from a decision of the Unemployment Insurance Appeal Board (the "Board") that found her ineligible for unemployment insurance benefits because she was not unemployed as defined by 19 *Del. C.* § 3302(17). The Court has reviewed the parties' submissions, the record below and relevant law. For the reasons set forth, the Court finds that the decision was free from legal error and supported by substantial evidence. Accordingly, the Board's decision is **AFFIRMED.**

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, August was hired by People's Place II, Inc. ("People's Place") as a full-time domestic violence therapist.[1] In addition to her employment with People's Place, August owned and operated The Art Therapy Way.[2] In March 2020, The Art Therapy Way was temporarily closed as a non-essential business in accordance with Governor Carney's COVID-19 response.[3] August remained employed full-time with People's Place.[4]

---

[1] Record at 120 [hereinafter "R. at ---"].
[2] *Id*.
[3] *Id*.
[4] *Id.* at 9–10, 148.

2

On March 29, 2020, August filed for unemployment insurance benefits with the Delaware Department of Labor Division of Unemployment Insurance (the "Division").[5] On October 1, 2020, a Claims Deputy determined that August was not eligible for unemployment insurance benefits because she was not unemployed under 19 *Del. C.* § 3302(17).[6]

On October 11, 2020, August appealed the determination to an Appeals Referee.[7] At the June 2, 2021, hearing before the Appeals Referee, a representative of People's Place and August both confirmed that August was employed full-time and experienced no wage reduction with respect to her job at People's Place during the time she requested unemployment insurance benefits.[8] August's hearing testimony included the following statements:

| | |
|---|---|
| August: | [C]an I stipulate that I was employed full time by People's Place? . . . And I represented that at all times? Can we stipulate that?;[9] |
| August: | But I would like to stipulate that I was working full time when I applied for unemployment;[10] |
| August: | And again, I would like to stipulate I represented and I was employed full time at People's Place. It's on my application. It's in every email;[11] |
| August: | I did not have a loss of income from People's Place, right? Not from that part of my regular job.[12] |

---

[5] *Id.* at 120.
[6] *Id.* at 130.
[7] *Id.* at 161.
[8] *See Id.* at 9, 120–21
[9] *Id.* at 36.
[10] *Id.* at 43.
[11] *Id.* at 89.
[12] *Id.* at 90.

August also testified that she had four other claims pending within the Division.[13] The Appeals Referee determined that the matter on appeal was limited to the Claims Deputy's decision to deny the March 29, 2020, unemployment insurance benefit claim, and therefore, August's other claims were outside the subject matter of the appeal.[14]

The Appeals Referee affirmed the Claims Deputy's determination that August was not entitled to unemployment insurance benefits because she was not unemployed.[15] The decision stated in part, "[a]lthough [August's] personal business suffered lost wages as a result of the pandemic, [August's] full-time employment with [People's Place] remained the same and was unaffected by the pandemic. . . . As such, she is ineligible for unemployment insurance benefits."[16]

On June 18, 2021, August appealed to the Board.[17] After reviewing the record, the Board affirmed the decision.[18] The Board's decision stated that "[August] may have other pending appeals or claims for unemployment benefits, but the Board can only consider the record before it."[19] Accordingly, the Board determined that the only issue to be considered was whether August was unemployed.[20] The decision

---

[13] *Id.* at 37–38.
[14] *Id.* at 121.
[15] *Id.* at 121–22.
[16] *Id.* at 121.
[17] *Id.* at 10.
[18] *Id.*
[19] *Id.*
[20] *Id.*

4

noted that August was possibly eligible for pandemic unemployment assistance ("PUA") but the claim before the Board was not a PUA claim.[21]

On August 19, 2021, August appealed to this Court.[22] August filed an opening brief on October 6, 2021.[23] On October 26, 2021, People's Place informed the Court that it will not be participating in briefing[24] and both the Board and the Division submitted letters in lieu of answering briefs.[25]

## PARTY CONTENTIONS

August advances no less than fourteen arguments for why, in her view, the Board erred. Her filings have been carefully reviewed and her claims can be categorized into three groups: 1) that August was denied due process; 2) that the Board's decision was incorrect; and 3) several additional arguments. Her salient contentions are addressed below.

---

[21] *Id.* at 10; *see generally id.* at 204.
[22] *Id.* at 8.
[23] *See* Pl.'s Opening Br.
[24] Letter from Jennifer C. Jauffret to Judge Mark H. Conner (Oct. 26, 2021). Pursuant to Super. Ct. Civ. R. 107(f), the Court decides this case on the papers currently before it. *See Cavallaro v. Securitas Sec.,* 2006 WL 2848106, at *1 (Del. Super. Sept. 28, 2006).
[25] Letter from Daniel C. Mulveny to Judge Mark H. Conner (Oct. 26, 2021); Letter from Victoria W. Counihan to Judge Mark H. Conner (Oct. 26, 2021). The Board has no interest in whether the Superior Court sustains its ruling. *McIntyre v. Unemployment Ins. Appeal Bd.*, 962 A.2d 917 (Del. 2008) (TABLE) (citing *Wilmington Trust Co. v. Barron*, 470 A.2d 257, 261 (Del.1983)).

## STANDARD OF REVIEW

Pursuant to 19 *Del. C.* § 3323(a), a party to a Board decision may appeal to the Superior Court.[26] On appeal this Court reviews such decisions to determine whether they are supported by substantial evidence and free from legal error.[27] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[28]

The Superior Court's review of a Board decision is limited to the record below.[29] The Court will not "weigh the evidence, determine questions of credibility, [or] make its own factual findings."[30] The record is considered in the "light most favorable" to the party prevailing below.[31] "Absent abuse of discretion," a Board decision will be upheld.[32]

---

[26] 19 *Del. C.* § 3323(a) reads in relevant part, "[w]ithin 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court . . . ."; *see also* 29 *Del. C.* § 10142(a).

[27] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Flowers-Nichols v. Tri-State Waste Solutions*, 2011 WL 2176515, at *3 (Del. Super. May 31, 2011).

[28] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (citing *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)).

[29] Super. Ct. Civ. R. 72(g); *see also Hubbard v. Unemployment Ins. Appeal Bd.,* 352 A.2d 761, 763 (Del. 1976).

[30] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[31] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011); *see also Pochvatilla v. U.S. Postal Service,* 1997 WL 524062, at *2 (Del. Super. June 9, 1997).

[32] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

# DISCUSSION

## A. <u>This Court's Review is Limited to the Certified Record</u>
### i.     *Hearing transcript*

When a Board decision is appealed to this Court pursuant to § 3323(a), the Board is statutorily required to "certify and file with the Court all documents and papers and a transcript of all testimony taken in the matter together . . . ."[33] "From time to time, minor omissions do occur . . . . A transcript or an adequate substitute for a transcript is required only to the extent that it is essential for the presentation of a particular issue on appeal."[34]

August takes issue with seventeen separate portions of the Appeals Referee hearing transcript and has proposed corrections. Even if it is assumed for the sake of the argument that August's proposed corrections to the transcript are correct, the alleged minor transcription deficiencies were immaterial to the Board's decision and are irrelevant to this appeal. Further, there is no reason to believe that portions of the record were intentionally altered or that the Board relied on evidence outside of the record. Thus, the decision is reviewed based on the certified record.

---

[33] 19 *Del. C.* § 3323(a).
[34] *Bass v. State*, 720 A.2d 540, 541 (Del. 1984) (citing *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963)).

## ii. *Evidence to be considered*

August's filings include several exhibits and alleged facts that are not in the record. The Court will not hear new evidence in this matter.[35] Additionally, August's arguments related to other pending Division claims and the payment of benefits will not be considered not only because they are outside of the record but because this Court will not review any matter regarding unemployment insurance benefit claims prior to the exhaustion of the administrative remedies below.[36]

## B. August was not Denied Due Process and the Board did not Err Procedurally

"In the [instant] context, due process has been described as 'simply an opportunity to be heard in one's own defense. The formality and procedural requisites can vary according to the nature of a case.'"[37] Nineteen *Del. C.* § 3320(a) provides the Board with significant discretion over the review and appeal of unemployment claims.[38] The Board is authorized to enact regulations pertaining

---

[35] *See Hurtt v. Unemployment Ins. Appeals Bd.*, 2019 WL 1558585, at *1 (Del. Super. Apr. 10, 2019); *see also Thompson v. UIAB*, 2011 WL 1225587, at *2 (Del. Super. Mar. 25, 2011).
[36] 19 *Del. C.* § 3322(a) states in pertinent part, "judicial review . . . shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter." *See Gullion v. Advance Xing Pain*, 2006 WL 1067280, at *1 (Del. Super. Apr. 24, 2006); *see also Bradfield v. Unemployment Ins. Appeal Bd.,* 2012 WL 5462844, at *3 (Del. Super. Ct. Mar. 13, 2012), *aff'd*, 53 A.3d 301 (Del. 2012).
[37] *Kids & Teens Pediatrics of Dover v. O'Brien*, 2020 WL 95849, at *4 (Del. Super. Jan. 8, 2020), *aff'd*, 241 A.3d 218 (Del. 2020) (quoting *Morris v. S. Metals Processing Co.*, 530 A.2d 673, 1987 WL 37999, at *1 (Del. 1987)).
[38] *See Funk*, 591 A.2d at 225; *see also Cornell v. Candle Light Bridal*, 2015 WL 2395841, at *3 (Del. Super. Apr. 17, 2015).

to hearing procedures.[39] Nineteen *Del. Admin. C.* § 1201–6.3 states in relevant part that the Board may "affirm, modify or set aside any decision of an appeal tribunal on the basis of evidence previously submitted, without further hearing . . . ." Moreover, this Court has previously held that the Board is not under a duty to notify claimants of the review date of an appeal.[40]

Despite August's displeasure with the manner in which her claim was reviewed, the Board's procedures were free from legal error, no abuse of discretion occurred and August was not denied due process. The Board did not err in affirming the decision of the Appeals Referee without further hearing and it was not required to notify August of the date that her appeal was reviewed. The Board did not err by limiting its review to the March 29, 2020, claim because the only matter appealed to the Board was the October 1, 2020, determination by the Claims Deputy regarding her March 29, 2020, claim. The Board did not err by including People's Place in the proceedings below,[41] the Board had jurisdiction over her when she applied for unemployment insurance benefits and disputed her claim[42] and the Board did not induce her to give up her appeal by informing her of PUA policies.

---

[39] 19 *Del. C.* § 3321(a).

[40] *Molinaro v. Div. of Unemployment Ins. Appeal Bd.*, 2005 WL 1952989, at \*1 (Del. Super. June 24, 2005).

[41] 19 *Del. C.* § 3317(b) necessarily involves employers in the unemployment insurance benefit claim process.

[42] *See* 19 *Del. C.* §§ 3126, 3320.

C. <u>The Board's Decision was Supported by Substantial Evidence and Free From Legal Error</u>

To be eligible for unemployment insurance benefits, an individual must be unemployed.[43] Unemployment is defined by 19 *Del. C.* § 3302(17).[44]

Here, the Board applied § 3302(17) to determine whether August was unemployed and in turn potentially eligible for unemployment insurance benefits. Notwithstanding August's frequent invocation of federal pandemic assistance law, this was not a PUA claim and the Board applied the correct legal standard. While August may believe the facts support a finding that she was unemployed, this Court will not reweigh the evidence.[45] Substantial evidence supported the determination that August was not unemployed within the meaning of § 3302(17) and there was no evidentiary error.[46] As previously stated, People's Place and August both

---

[43] 19 *Del. C.* § 3315; *see also Corbin v. Am. Flag Inc.*, 2007 WL 3105856, at *2 (Del. Super. Oct. 15, 2007).

[44] 19 *Del. C.* § 3302(17) reads:

> Unemployment exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.

[45] *Supra* note 26.

[46] *See Geegan v. Unemployment Compensation Comm'n,* Del. Supr., 76 A.2d 116, 117 (1950); *see* also *Phillips v. P & N Distribution*, 1998 WL 437148, at *5 (Del. Super. June 23, 1998);

confirmed on the record that August was employed full-time and experienced no wage reduction with respect to her job at People's Place during the time she requested unemployment insurance benefits. In consideration of this evidence, it was reasonable for the Board to determine that August was not unemployed.

## CONCLUSION

The Court finds that Board's decision was free from legal error and supported by substantial evidence. Accordingly, the Decision of the Unemployment Insurance Appeal Board is **AFFIRMED.**

**IT IS SO ORDERED.**

_/s/ Mark H. Conner_
Mark H. Conner, Judge


cc: Prothonotary

11